### JEFF GILES V. THE STATE.

#### No. 2624.    Decided January 28, 1903.

**Murder—Charge.**

On a trial for murder, where the defense was that the State's witness Bruce, and not defendant, killed deceased, it was error for the court to charge the jury that if they had "a reasonable doubt whether the witness Bruce killed deceased, you should acquit him." Bruce was not on trial, and hence the reasonable doubt did not apply to him.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Charles F. Clint.

Appeal from a conviction of murder in the second degree; penalty, eight years imprisonment in the penitentiary.

This is the second appeal in this case. See Giles v. State, 43 Texas Crim. Rep., 561, for statement of the facts.

*Thomas & Spellman* and *P. M. Steen,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of eight years.

Appellant reserved an exception to the following portion of the court's charge: "If under the evidence you have a reasonable doubt as to whether the witness Luther Bruce killed the said Henrietta Giles, you should acquit him." In this case Jeff Giles was on trial for killing Henrietta Giles, and his defense was that Luther Bruce killed Hen-

rietta Giles. He introduced some evidence indicating this, and the court should have charged the jury, "If under the evidence you have a reasonable doubt as to whether the witness Luther Bruce killed the said Henrietta Giles, you should acquit defendant." Bruce was not on trial, and hence the reasonable doubt did not apply to him. The court's charge was incorrect, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*