## JOHN SMITH V. THE STATE.

### No. 9801.   Delivered February 3, 1926.

**1.—Murder—Grand Jury—Summoned by Constable—No Error.**

Where, on a trial for murder, appellant complains that the grand jury which returned the indictment against him, who were called at a special term of the District Court and were summoned by the constable of Precinct No. 1, of Coleman County. The sheriff of the county was dead at the time the special term was called by the court. Our statute providing for the holding of special terms of the district courts makes no provisions for the mode of summoning grand jurors, nor under circumstances such as here appear, and there is no merit in appellant's complaint.

**2.—Same—Continued.**

The death of the sheriff cannot be held to deprive a district court of the power to organize and function, as is contemplated by the Constitution and laws of the state, and it being necessary to have such a body, and all steps prescribed by statute in obtaining same having been taken, it was entirely proper and legal to issue process in the form and manner as here appears.

**3.—Same—Argument of Counsel—Not Improper.**

Where, on a trial for murder, complaint is made of the argument of counsel for the state in stating to the jury "the mandates of the law demand and will not be satisfied with anything less than the death penalty in this case." The attorney representing the state has the right in a proper case to urge the infliction of the death penalty as punishment, and no error was committed by such argument.

**4.—Same—Verdict in Blank—Written by Court—Improper Practice—Not Reversible Error.**

Where, on a trial for murder, the court gave the jury on slips of paper, not connected with the charge, forms prepared to fit whatever verdict the jury might return, no reversible error is shown, but this court has heretofore held that such blank verdicts, prepared by the court, is not proper practice, and its continuance is discouraged. Following Hickox v. State, 253 S. W. 823.   Also see Art. 773 Vernon's C. C. P.

Appeal from the District Court of Brown County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of murder, penalty fixed at death. The opinion states the case.

*B. L. Palmer,* for appellant.

*Critz & Woodward* of Coleman, private prosecutors.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction of murder in the District Court of Brown County, with punishment fixed at death, appeal is taken.

The sheriff of Coleman county was killed by appellant on May 15, 1925. On the 18th of said month Hon. J. O. Woodward, judge of the district court, convened a special term of his court, appointed jury commissioners, who drew a grand jury which returned the indictment under which this conviction was had in Brown county upon a change of venue.

Appellant attacks the legality of the grand jury upon the ground that its members were summoned by the constable, and not by the sheriff as appears to be the direction of the statute in the impaneling of grand juries in the ordinary course of court procedure. The venire facias in the record shows that same was addressed "to the sheriff or any constable of Coleman County, Texas," and commands the summoning of sixteen persons therein named to serve as grand jurors; which process was returned executed by Berry Bishop, constable of Precinct No. 1 of said county. No complaint is leveled at the organization of the grand jury or the qualification of any of its members save that they were thus summoned. The contention is without merit. The sheriff was dead. Jury commissioners regularly appointed had drawn a special grand jury at a special term of the court. There is nothing in the statutes authorizing special terms of the district court, concerning the mode or method of summoning grand jurors then deemed necessary, nor under circumstances such as here appear.

Waiving the question as to appellant's right to do more than file a challenge to the array such as is provided by statute, which right he had lost by not exercising same in time and manner as directed by law, we observe that the death of the sheriff could not be held to deprive a district court of its power to organize and function as is contemplated by the Constitution and laws of this state, and it being necessary to have such body, and all steps prescribed by statute in obtaining same having been taken, it was entirely proper and legal to issue process in the form and manner as here appears in order to obtain the presence and service of said grand jurors. In fact, if it appeared that the members of a grand jury regularly drawn by a jury commission had voluntarily appeared with or with-

out process regularly issued or otherwise, and had been there-after impaneled and functioned, in our opinion same would constitute a legal grand jury. Ordinarily those men so drawn would more expeditiously be obtained by some officer notifying them in pursuance of a specific duty, but at most the statute so indicating would be held directory, and if the end desired and necessary to the orderly administration of the court's function, viz: the presence of a grand jury properly drawn—had been obtained in some way not obnoxious to legal prescription—and especially in case of an unforseen exigency as con-fronted the court here, this court would decline to declare such a grand jury illegal because summoned by some other peace officer than the sheriff.

Bills of exception Nos. 2 and 3 complain of argument of at-torneys representing the state. In each bill it appears that said attorneys stated to the jury in substance that the law—"The mandates of the law demand and will not be satisfied with anything less than the death penalty in this case." We are not in accord with either complaint. The attorney repre-senting the state had the right in a proper case to urge the in-fliction of the death penalty as punishment. The complaint mentioned, as certified by the court in his qualification, but present segments of the arguments in each case, and in order to be fairly understood the accompanying argument should be considered, both that for the state and the accused. If an attorney ask the death penalty on his own individual opinion and desire, he might therefor be criticised; if he ask it in the name of the people or the state, this probably would be ob-jected to, and we see no place left for him to plant his fulcrum and lever save that same is demanded by the law and the facts or either.

The remaining complaint is that the court gave to the jury on slips of paper not connected with the charge, forms already prepared to fit whatever verdict the jury might return. Ap-pellant insists that this may have in some way affected the verdict; may have suggested, aided or encouraged the jury in a writing made by the judge, that the verdict find appellant guilty of murder with penalty fixed at death. Adequate answer would be by saying that the judge also submitted a form of verdict of not guilty, and reason might suggest that one form had no more suggestive power than the other. We indicated in Hickox v. State, 253 S. W. Rep. 823, our disapproval and doubt as to the propriety of such practice. It is the duty of trial courts to scrutinize with care the form of verdict returned

by the jury and to correct same if not in form. This is in line with Art. 773 Vernon's C. C. P. Such care on the part of trial courts would meet all requirements, and obviate complaints well founded or otherwise, such as the one now before us. If such matter is debatable, it would be our conclusion that expedients in criminal trials should be avoided when there exists room for doubt as to their propriety. Our conclusion is as expressed in Hickox case, supra, but we are still of opinion that there is no showing in this case of injury.

Finding no error in the judgment for which same should be reversed, an affirmance is ordered.

*Affirmed.*