Recital in judgment showing that statutory requirements as to acceptance of plea of guilty were fulfilled could not be overcome, in absence of supporting evidence, by averment in motion for new trial that court accepted plea without warning.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Abe Davis was convicted of theft of cattle, and he appeals.    Affirmed.

J. R. Bogard, of San Augustine, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J.    The offense is theft of cattle; punishment fixed at confinement in the penitentiary for a period of two years.

A plea of guilty was entered and evidence heard.

In his motion for a new trial, appellant made an averment that the court accepted the plea of guilty without warning.    We understand from the bill of exceptions, as qualified, that no evidence was offered in support of this averment.    The averment is in conflict with the judgment of the court, which contains a recital showing that the statutory requirements with reference to the acceptance of a plea of guilty were fulfilled.    This recital could not be overcome by a mere motion.    Supporting evidence would be necessary.

The judgment is affirmed.

---

## KEMP v. STATE.    (No. 9852.)

(Court of Criminal Appeals of Texas.    Feb. 17, 1926.)

**Criminal law ⬤⟹784(1)—Refusal to give correct special charge on circumstantial evidence, where case rested wholly on circumstantial evidence, held error.**

In prosecution for fornication, where, under count of information making it necessary to prove accused lived with woman, and had carnal intercourse with her, case rested wholly on circumstantial evidence, refusal to give correct special charge on circumstantial evidence requested by accused was error.

Commissioners' Decision.

Appeal from County Court at Law, No. 1, Tarrant County; P. W. Seward, Judge.

C. R. Kemp was convicted of fornication, and he appeals.    Reversed and remanded.

Mays & Mays, of Fort Worth, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J.    The offense is fornication, and the punishment is a fine of $50.    The only question necessary to consider in this case is the appellant's complaint at the court's action in failing to charge on circumstantial evidence.    Under the count in the information submitted to the jury it was necessary for the state to prove that the appellant lived together with Alice Brown and had carnal intercourse with her.    We have very carefully examined this record, and fail to find what we think is positive testimony to support either proposition.    In fact, there is no suggestion in this record from any witness to the effect that they had ever been seen in the act of carnal intercourse, and we think the testimony tending to show that they lived together is wholly circumstantial.    Both the act of intercourse and the living together, if proved at all, are proved as a matter of inference from other facts in evidence, and, in this condition of the record, the case rests wholly in a legal sense upon circumstantial evidence.    Branch's Ann. P. C. p. 1341, for collation of many authorities.    Appellant asked the court to give a correct special charge on the question of circumstantial evidence and this was refused.    The court's action in refusing to give this charge was error necessitating a reversal of the case.

The judgment of the trial court is reversed and the cause remanded.

PER CURIAM.    The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## BAKER v. STATE.    (No. 9735.)

(Court of Criminal Appeals of Texas.    Feb. 17, 1926.)

**Criminal law ⬤⟹595(1)—Refusal of continuance for witness who would testify complainant was aggressor in assault with intent to murder was error, diligence being shown.**

Refusal of continuance to secure witness in prosecution for assault with intent to murder was error, accused showing exercise of due diligence and that the witness would testify complainant was the aggressor.

Commissioners' Decision.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Bill Baker was convicted of assault with intent to murder, and he appeals.    Reversed and remanded.

P. E. Campbell and Dibrell & Mosheim, all of Seguin, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is assault with intent to murder, and the punishment is 3 years in the penitentiary.

The state's testimony shows an unprovoked shooting in which the injured party was struck and more or less seriously wounded. This testimony comes largely from the injured party himself. He is corroborated by but one witness, and this witness is contradicted by an affidavit of the sheriff of Guadalupe county, who states in said affidavit, on motion for a new trial, that the state witness Martin made a written statement to the sheriff in which he disclaimed any knowledge as to how the difficulty occurred, and in which he states that he was so drunk at the time as to be unable to have any recollection of it. It is on the testimony of the injured party and this witness that the state relies for a conviction.

On the other hand, the appellant testifies to facts which show that, if he was not justifiable in the shooting, he was at least not guilty of a graver offense than aggravated assault. The undisputed testimony in the record shows that there were some six other parties present and saw the difficulty.

The appellant presented his application for a continuance on account of the absence of various witnesses. It occurs to us that the court was in error in overruling the motion for a new trial on account of the error in refusing appellant's application for a continuance. In his application he showed that he had used due diligence to procure the attendance of the witness Herman Tullos and that said Tullos was the proprietor of the store in Gander Slough where the difficulty occurred, and that said Tullos saw the difficulty, and that said Tullos would testify, if present, that the prosecuting witness was the aggressor in said difficulty and that he assaulted the defendant before the defendant shot the prosecuting witness. This testimony was in direct conflict with the testimony offered by the prosecuting witness and by the witness Martin, and was corroborative of the testimony given by the appellant. There being no question as to the diligence used to procure the attendance of this witness, and no question as to the materiality of the testimony that he would have given on the trial of the case, we think that the motion for a new trial should have been granted. We are confirmed in this view by reason of the fact that the entire record is in such a condition as to cause us to believe that the case was not properly developed on this trial.

For the error in refusing to grant a motion for new trial, based on the appellant's application for a continuance, the judgment of the trial court is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the Court.