### LEE HARRIS V. THE STATE.

No. 10365. Delivered March 9, 1927.

Rehearing denied April 27, 1927.

1.—Aggravated Assault and Battery—Continuance—Properly Refused.

Where a continuance was requested on account of the absence of a witness for whose attendance sufficient diligence had been used, but the matters expected to be proven by said witness, as set out in the application, would not have been admissible had the witness been present, there was no error in refusing the continuance.

2.—Same—Requested Charge—Refusal Of—Must Be Excepted To.

Where a requested charge is presented to the trial court, and is only marked "refused," and there is no notation on it over the judge's signature, showing that any exception was reserved to its refusal, and no separate bill is found bringing the matter forward for review, nothing is presented that this court can consider. See Linder v. State, 94 Tex. Crim. Rep. 316, and other cases cited.

3.— Same — Charge of Court — On Aggravated Assault and Battery— Sufficient.

Where, on a trial for assault to murder, the state abandons the felony charged, and asks for a conviction for an aggravated assault, the court's

charge in substance that if the jury found that appellant committed an aggravated assault upon Reed by inflicting upon him serious bodily injury that he would be guilty of an aggravated assault, was sufficient. We are forbidden to reverse a judgment upon instructions given or refused, unless error is shown that it was calculated to injure the rights of the defendant. See Sec. 7, Art. 1147, P. C., 1925.

### 4.— Same — Charge of Court — Presenting Blank Forms for Verdict — No Error Shown.

Where the court in his charge submitted blank verdicts to be used by the jury, embracing one of not guilty, and others to meet the different penalty that might be assessed, by both fine and imprisonment, or fine, or imprisonment alone, the fact that the blank to meet a penalty of imprisonment alone read, "imprisonment in jail — months," the use of the plural "months" could not have injured appellant, and his criticism of same is more theoretical than practical.

### 5.—Same—Evidence—Exhibiting Wounds of Injured Party—Not Improper.

Where, on a trial for an aggravated assault, based on the claim that the wounds inflicted were of a serious nature, there was no error in permitting the injured party to remove his clothing, and exhibit to the jury scars left on his body by the wounds inflicted by appellant. Distinguishing Newman v. State, 85 Tex. Crim. Rep. 556; Mahaney v. State, 95 Tex. Crim. Rep. 443, and other cases cited in this opinion.

### 6.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant objected to proof by the state on his cross-examination that he had formerly been charged by complaint with a felony for which he had not been indicted, and his bill fails to show that a grand jury had subsequently been convened and had failed to return an indictment on such complaint, the bill is incomplete and presents no error. See Newton v. State, 94 Tex. Crim. Rep. 288, and other cases cited.

### 7.— Same — Charge of Court — Not Properly Excepted To — No Error Presented.

Where the court orally instructed the jury that they could not consider testimony of appellant that he had formerly been charged with a felony, by a complaint, for any purpose, except to aid them in passing upon the credibility of appellant as a witness, and no objection or exception was reserved to this oral instruction nor to the failure of the court to limit the testimony in his charge, no error is presented that can be reviewed. See Fry v. State, 86 Tex. Crim. Rep. 73, and other cases cited.

### ON REHEARING.

### 8.—Same—Continuance—Testimony of Absent Witness—Must Be As to Facts.

Where a motion for a continuance on account of the absence of a witness sets out that the matters expected to be proven by such witness, are conclusions, such as, that the defendant was not the aggressor, or that the assaulted party was the aggressor, or brought on the difficulty, or that the defendant acted on the defensive, such testimony would not be admissible were the witness present, and appellant's motion containing these averments did not entitle him to a continuance. Distinguishing Baker v. State, 280 S. W. 781.

9.—Same—Charge of Court—On Self-Defense—Sufficient.

Where the court in submitting the law of self-defense told the jury in effect that appellant had the right to defend himself against an unlawful attack, and to use all force necessary to repel such attack, viewing same from his standpoint, and from his alone, this charge was sufficient under the facts developed in this case.

10.—Same—Charge of Court—Omitting Simple Assault—Held Correct.

Appellant complains of the failure of the court to furnish the jury a form for a conviction of a simple assault. We do not believe this issue was raised by the evidence in this case, though it is necessary where the court submits blank forms for him to submit forms for all verdicts permissible in the case. See Stuckney v. State, 7 Tex. Crim. App. 179, and other cases cited.

Appeal from the District Court of Coleman County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for an aggravated assault and battery, penalty nine months imprisonment in jail.

The opinion states the case.

*Dibrell & Snodgrass* of Coleman, and *Scott Snodgrass* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault and battery, the punishment being nine months imprisonment in jail.

Appellant sought a continuance on account of the absence of the witness Nichols. It is conceded by the state that proper diligence is shown to secure the attendance of this witness but insists that if the witness had been present he would not have been permitted to testify to the things set out in the application for continuance because they are conclusions only and not statements of any fact. We are inclined to believe this criticism of the application is well founded. Nowhere in the application is it averred that Nichols would have testified that he was present and saw the difficulty. It is not stated that witness would have testified to any fact from which the jury might have drawn conclusions but only that witness himself proposed to testify to conclusions.

Appellant devotes several pages of his brief to discussion of the refusal of a requested special charge which was designed to advise the jury of his rights where there was more than one

assailant. This charge is only marked "refused." There is no notation on it over the judge's signature showing that any exception was reserved to its refusal, and no separate bill is found bringing the question forward for review. It is essential that complaint of the refusal of a special charge be preserved by exception in one of the ways mentioned. Linder v. State, 94 Tex. Crim. Rep. 316, 250 S. W. 703; Bland v. State, 92 Tex. Crim. Rep. 636, 244 S. W. 1023; Cunningham v. State, 97 Tex. Crim. Rep. 624, 262 S. W. 491. We regret that this matter cannot be considered.

Appellant was indicted for assault to murder one Reed. The state conceded that the felony charge could not be sustained and aggravated assault only was submitted. The court defined assault and informed the jury that it would become aggravated when serious bodily injury was inflicted. (Sec. 7, Art. 1147, P. C., 1925.) In applying the law the court told the jury in substance that if they found from the evidence that appellant committed an aggravated assault upon Reed by inflicting upon him seriously bodily injury, appellant would be guilty of an aggravated assault. Objection was urged to the form of the charge. Under the facts we think appellant could not have sustained injury thereby. That appellant cut Reed several times with a knife seems to have been a conceded fact, and there was no issue raised but that one stab went into the lungs and was quite serious. We are forbidden to reverse a judgment upon instructions given or refused unless an error is shown which was "calculated to injure the rights of defendant." What we have just said applies also to the criticism of the charge on self-defense. Taking the instruction upon that subject in its entirety we think the objections are not meritorious and that the jury could not possibly have been misled thereby to appellant's hurt.

The court furnished the jury with four forms of verdict, one providing for finding appellant not guilty, the other three providing for finding him guilty of aggravated assault and battery and for assessing the punishment by fine only, or by fine and "imprisonment in jail — months," or for only "imprisonment in jail — months." Objection was made because no form was furnished for a verdict of simple assault. This issue was not submitted, hence no necessity for a form of verdict as to that offense. Another objection was that the court having used the term "months" in the forms providing for imprisonment, it was calculated to impress the jury that it was the opinion of the court that appellant's punishment should be assessed at more than one month. Our opinions are not in harmony upon the

propriety of furnishing forms of verdict. Some hold it to be
a commendable practice. Williams v. State, 24 Tex. Ct. App.
637, 7 S. W. 333; Oates v. State, 51 Tex. Crim. Rep. 449, 103
S. W. 859; Crook v. State, 27 Tex. Ct. App. 198. Other opinions
discourage the practice. See Smith v. State, 280 S. W. 200;
Hickox v. State, 95 Tex. Crim. Rep. 173, 253 S. W. 823. But
all are agreed that if forms are provided the court should
include a form for every verdict which might be returned under
the evidence and instructions of the court so as to avoid con-
veying to the jury any impression as to the judge's opinion as
to what particular verdict should be rendered. Branch's Ann.
Tex. P. C., Sec. 657. Unless the forms provided in the present
case violate the latter principle the action of the court should
not be held to call for a reversal. The charge advised the jury
that the punishment for aggravated assault and battery might
be either a fine alone, or imprisonment in jail not less than one
month nor more than two years, or by both such fine and impris-
onment. In view of this instruction it seems rather far fetched
to conclude that because the court used the term "months" in
the form of verdict the jury was impressed that the court
thought the verdict should be imprisonment for more than one
month. The form of verdict furnished could scarcely have been
instrumental in leading the jury to hit on nine months as the
punishment, rather than two, four or seven. We think the
objection is more theoretical than practical.

Reed was permitted, over objection, to remove his clothing
and exhibit to the jury scars left on his body by the wounds
inflicted by appellant. These scars were several in number,
being of an ugly and discolored appearance. The objection
urged was that physicians present could testify to the nature
and character of the wounds and that their exhibition to the
jury tended to solve no issue in the case. This objection cannot
be sustained. The state was seeking conviction of aggravated
assault, based on the claims that the wounds inflicted were of
a serious nature. Appellant, by his plea of "not guilty," had
put the state upon proof of every material fact necessary to
convict. One of these facts was the nature of the wounds. The
state could establish this fact by any legitimate evidence at
hand and appellant could not dictate that the state proceed in
any particular manner to make out its case. The wounds exhib-
ited enabled the jury to pass upon the question as to whether
serious bodily injury had been inflicted. The fact that physi-
cians could testify, and did later testify, that Reed was confined
in the hospital ten days and that the wounds were of a serious

nature would not render inadmissible their exhibition before the jury. We are referred by appellant to the cases of Newman v. State, 85 Tex. Crim. Rep. 556, 213 S. W. 651, and also to Mahaney's case, 95 Tex. Crim. Rep. 443, 254 S. W. 946, which quotes from the opinion in Newman's case where it was held that wounds upon a witness should not have been exhibited to the jury. Attention is called to the fact that Newman was convicted of manslaughter. The witness Pruett, who was permitted to exhibit wounds upon his person, was a participant in the difficulty which resulted in the death of the party killed by Newman. The holding in that case was unquestionably correct in that the exhibition of wounds upon the witness solved no issue in the case where accused was being tried for the killing of another party. The Mahaney opinion takes no note of the particular facts of the Newman case upon the point under discussion, and the quotation from the latter case is upon the general proposition relative to the exhibition of wounds. We call attention to the peculiar facts in the Newman case to avoid confusion in the application of the law to facts which may be entirely different. See also Graves v. State, 58 Tex. Crim. Rep. 42, 124 S. W. 676; Chapman v. State, 66 Tex. Crim. Rep. 489, 147 S. W. 580. The principle involved in the present case is very similar to that before the court in Trigg v. State, 99 Tex. Crim. Rep. 376, 269 S. W. 782, where the introduction of a coat worn by deceased was introduced in evidence.

Appellant became a witness and while being cross-examined he was asked by the District Attorney if he had not within the last five years been charged with "bootlegging." Appellant's attorney objected to the question, insisting that the District Attorney make it clear whether he meant a charge by complaint or indictment. The District Attorney declined to formulate his question to conform to the objection. Further inquiry elicited the information that within five years appellant had been charged by complaint with transporting intoxicating liquor and had been arrested and placed in jail on said charge, but said he had never been tried therefor. The inquiry seems to have rested at this point. The objections urged are most general being that the questions were improper, immaterial, prejudicial, confusing and misleading. It is well settled that charges by complaint of other felonies cannot be proven for the purpose of impeachment where a grand jury has intervened and the matter charged by complaint has not been merged into an indictment. Newton v. State, 94 Tex. Crim. Rep. 288, 250 S. W. 1036; King v. State, 67 Tex. Crim. Rep. 63, 148 S. W. 325; Wright v.

State, 63 Tex. Crim. Rep. 429, 140 S. W. 1105; Williamson v. State, 74 Tex. Crim. Rep. 289, 167 S. W. 362; Redding v. State, 95 Tex. Crim. Rep. 641, 255 S. W. 430. If this was the objection sought to be urged the bill relating this occurrence is incomplete. It fails to show that a grand jury had intervened and had returned no indictment. No objection of this kind was made. We are left entirely in the dark as to where or when the complaint referred to was filed. Under the well fixed rule that a bill of exception must on its face reveal error we must hold that such is not shown by the one now being considered.

After the evidence came in showing that appellant had been charged. by complaint with transporting intoxicating liquor the court immediately told the jury orally that it could not be considered as any circumstance of appellant's guilt in the case on trial, but that if considered at all, it could only be used by them in passing upon the credibility of appellant as a witness. Fry v. State, 86 Tex. Crim. Rep. 73, 215 S. W. 560; Fields v. State, 95 Tex. Crim. Rep. 20, 252 S. W. 759; Terry v. State, 101 Tex. Crim. Rep. 267, 275 S. W. 837. We find a bill which, if correctly interpreted, shows that appellant at the time did not object to the oral limitation by the court, but asked that a written instruction to the same effect be then given. This request seems to have been made orally. At least there is nothing showing to the contrary. The court was not required to stop at that point in the trial to give a written instruction in addition to what he had told the jury. No written objection was later urged to the omission from the charge of a written instruction on the point and no special charge seems to have been requested regarding the matter.

We have discussed all questions brought forward for review except a matter raised by bill of exception No. 4 relating to placing witnesses under the rule. This point is not briefed. However, we have examined the bill and think it presents no error.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Taking issue with what we said in our opinion, appellant asserts in his motion for rehearing that his application for continuance described what he expected absent witness Nichols to testify, as facts and not conclusions. This matter seems to solve itself by quotation of what the application sets forth as the expected testimony of said witness.

Suppose witness present and on the stand and asked: "Did Reed without provocation assault this defendant?"   Also, "Was Reed the aggressor in the transaction out of which this indictment arose?"   Or this: "Was the defendant in said transaction acting solely to protect himself?"   Or the following: "Was he acting solely to protect his life and his body from serious bodily harm?"   Or this: "Was this defendant not at any time the aggressor?"   Or either of the following: "Did Reed bring on the difficulty?" "Did Reed provoke the difficulty?"   "Did Reed assault defendant in a violent manner?"   "Was defendant in said transaction entirely on the defensive?"   We have presented in these quotations all of the supposed "facts" stated in the application as expected to be proved by the absent witness save and except the single fact that Reed "cursed and abused this defendant." Inspection of each of the quoted statements, save the last one, discloses that same does not call for an answer which is a fact, but an answer which is merely a conclusion.   We have no means of knowing whether the language quoted in the motion referred to in Baker v. State, 280 S. W. 781, was the language of the application for continuance in that case, or the language of this court in referring to said application.   Nothing in the opinion therein indicates that we intended to quote from the application. We are unable to agree with appellant in this regard.

We are still of opinion under the facts that a charge telling the jury that appellant had the right to defend himself against an unlawful attack, and to use all force necessary to repel such attack, viewing same from his standpoint and his alone—was sufficiently comprehensive.

Appellant argues at length that in furnishing to the jury forms for possible verdicts and failing to furnish one for simple assault, the learned trial judge fell into error.   He contends that the issue of simple assault was involved, and that the bill of exceptions reserved to the admission in evidence of the scars resulting from the wounds inflicted upon the injured party, was approved with the statement that said evidence was admitted for the purpose of showing the seriousness of the assault, and that this establishes the fact that the issue of simple assault was in the case, arguing that unless the evidence as to the scars aided in solving the question as to whether the wounds inflicted amounted to serious bodily injury or not, same served no useful purpose and was inadmissible—and that being admitted for the purpose of aiding in solving the issue of the seriousness of the wounds, made certain the fact that that issue was in the case,

and hence the court should have submitted the law of simple assault. We have always held that when forms of verdicts are submitted, forms for all verdicts permissible in the case should be given. Stuckey v. State, 7 Tex. Crim. App. 179; Williams v. State, 24 Tex. Crim. App. 637; Thomas v. State, 55 Tex. Crim. Rep. 298. However, we do not follow appellant's logic in regard to this contention. A butcher-knife might be offered in evidence in a given case to show that the weapon used was a deadly weapon. So with an axe, a sledge hammer, a gun, etc. The offer in evidence of such proof would not necessarily require the court to submit to the jury the issue as to whether the assault was with a weapon less than deadly. The weapon thus introduced might of itself aid in showing that the assault was made with a deadly weapon and that there existed no need for submitting the issue of the lesser offense. So we think of·the results of the exhibition of the scars in the instant case. As stated by us in the original opinion, there is no serious controversy over the fact that serious bodily injury was inflicted.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*