JACK LONG AND CLARENCE RIORDAN v. THE STATE.

No. 17112. Delivered January 9, 1935.
Rehearing Denied March 6, 1935.
Second Rehearing Denied March 27, 1935.

The opinion states the case.

*Shropshire & Sanders,* of Brady for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary for each appellant.

There is no statement of facts in this record. We are asked by appellants in their brief to reverse this case upon the showing made in the only bill of exceptions reserved. Said bill recites that by agreement of all parties the cases of these appellants were consolidated and they were jointly tried,—the transactions being the same, and the charges identical.

There is nothing before us supporting any contention that

one of these appellants was guilty and the other not; nor that one of them was shown to be new in crime and the other an old offender; nor that one was over-persuaded, etc., etc. As far as we know, or can tell from the record, these appellants are and were throughout equally concerned and equally guilty. Appellants' only complaint in said bill of exceptions is that the court gave to the jury but two forms of verdicts. No exceptions were taken to the court's charge when given, nor to the giving of the forms of verdicts coincident with the giving of the charge. The complaint seems to be of the fact that the court merely told the jury that if they found defendants not guilty, the form of their verdict would be: "We, the jury, find the defendants not guilty. _____Foreman," and if they found them guilty, the form of their verdict should be: "We, the jury, find the defendants guilty of $\frac{\text{felony theft}}{\text{misdemeanor theft}}$ and assess their penalty at_____. _____Foreman," telling the jury in case of verdict of guilty to erase the offense of which they did not find the parties guilty, and write in the blanks the punishment, and sign through their foreman.

There is no question but that the court in his charge had told the jury that they could convict one of said defendants and acquit the other; nor of the fact that the court told them that they could give to either of said defendants,—in case both were found guilty,—a penalty different from that given the other. Nor is there any question but that the court failed to give to the jury forms to fit each possible verdict,—as seems to have been held proper in all the cases. Harris v. State, 106 Texas Crim. Rep., 539, and cases cited; section 657, Branch's Annotated P. C. However, the bill of exceptions found in the record wholly fails to make evident, from any of its recitals, that the testimony suggested or made probable the fact that the jury should or in reason might have found differently as to one or the other of the accused, in case appropriate forms so suggesting had been given. Appellant's complaint is not supported by any showing of probable injury.

We must accord to juries intelligence and reason until the contrary is shown by some action or deed set out in some fact showing. In his charge the trial court told the jury that if, in their judgment, it was deemed proper, they could find one of the defendants guilty and the other not; and that they might in their discretion assess different penalties. We must believe the jury followed this charge in the absence of a statement of facts, or some showing in the bill of exceptions suggesting

facts from which a reasonable conclusion might arise that one of these men should have been acquitted, or given a penalty different from that accorded the other by the jury. In the condition the record appears before us we are forced to the conclusion that no injury is shown, and that in assessing the same penalty the jury did right. We do not reverse cases upon complaints except they be well founded on facts or law.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—In their motion for rehearing the appellants, through their counsel, again insist that in giving the form of verdict as described in the original opinion of this court, there was fundamental and prejudicial error requiring a reversal of the conviction as to each of the appellants. This court is not informed of the facts. As we understand the record, nothing is disclosed which indicates that the jury would have made a distinction between the two appellants with reference to the conviction or the punishment. The trial judge heard the evidence, and on consideration of the motion for rehearing, declined to grant a new trial. As the matter is presented before this court, it is thought that Art. 666, C. C. P., which relates to the review of the charge should govern the action of this court on the present appeal. Art. 666, supra, reads as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

In the state of the record, nothing appears which was calculated to injure any of the rights of the appellant; nor does it appear that they have not had a fair and impartial trial. In the manner in which the matter is presented to this court as above stated, it being in ignorance of the evidence that was

before the trial court, the provisions of article 666, supra, render it imperative that we deny the relief sought.

The motion for rehearing is overruled.

*Overruled.*

### ON APPELLANTS' APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—The application for leave to file a second motion for rehearing merely reiterates contentions made and met upon the original hearing and rehearing. We are not led to conclude from an examination of the application that we were wrong in the disposition we made of the appeal.

The application for leave to file second motion for rehearing is denied.

*Denied.*