Fonda CRAYTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 29755.

Court of Criminal Appeals of Texas.

April 30, 1958.

Rehearing Denied June 4, 1958.

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is possession of beer and whisky for the purpose of sale in a dry area; the punishment, 90 days in jail and a fine of $500.

The record contains no statement of facts showing the evidence introduced before the jury at the trial, and there are no bills of exception; no objection to the charge and no requested charges.

The transcript shows that appellant's counsel on appeal signed and filed a motion for new trial alleging certain claimed "fundamental errors" in .the admission

of evidence; in the court's charge; in the receiving of the verdict; and in submitting written forms of verdicts but failing to submit "all of the verdicts which could have been reached by the jury."

A statement of the facts heard on the motion for new trial appears in the record, and from it we learn that appellant had told the court that Mr. Hall was his lawyer, but that Mr. Hall had advised the court that he was not representing him, and that appellant represented himself at the trial.

■ We learn further, but only on cross-examination of the trial judge after appellant had rested without any effort to support the allegation relating to the forms of verdict furnished and not furnished the jury, that the court submitted two forms of verdict, one acquitting the defendant and the other reading:

"We the jury, find the defendant guilty as charged and assess his punishment at $——— Dollars fine and ——— in the County Jail.

"_____

Foreman of the Jury."

We see no error in the failure of the court to furnish additional forms of verdict omitting in one "$——— Dollars fine", and in the other "and ——— in the County Jail." The form furnished was appropriate for any punishment the jury was authorized to assess under the law and the court's charge.

■ If there was any error in the matter it would be upon the theory that the form furnished by the judge intimated to the jury that the judge was of the opinion that both a fine and jail term should be assessed. Even so, the error would not call for reversal in the absence of an objection, a statement of the facts heard by the jury and a showing of injury. Long v. State, 128 Tex.Cr.R. 235, 79 S.W.2d 1088, appears to be applicable.

Other claims of error are overruled.

The judgment is affirmed.

On Motion for Rehearing

MORRISON, Presiding Judge.

■ Appellant complains because we did not discuss his contention that fundamental error was reflected by paragraph 4 of the court's charge. It has long been the rule that the court's charge will be considered as a whole. Paragraph 6 of the charge fully covers the question of the presumption in a favorable manner from the appellant's standpoint.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.