**Earl FOLKS and Lillie Mae Folks,
Appellants,**

v.

**STATE of Texas, Appellee.**

No. 31762.

Court of Criminal Appeals of Texas.

April 13, 1960.

---

John R. Miller, Borger, for appellant Earl Folks.

Walter R. Allen, Borger, by Walter R. Allen, Borger, of counsel, for appellant Lillie Mae Folks.

Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is contributing to the delinquency of a minor; the punishment, one year in jail each.

In the condition in which we find the record we are without jurisdiction to en-ter any order other than to dismiss the appeal.

The judgment from which the appeal is prosecuted recites that the case came on to be heard on November *10,* 1959. Appellants' bill of exception complaining of the overruling of the motion for continuance refers to November *10,* 1959, as the date the case was called for trial and the motion for continuance presented.

The statement of facts shows that the trial began on November *12,* 1959.

The record reveals, however, that both of the appellants gave notice of appeal and entered into recognizance on appeal on November *2,* 1959.

A recognizance entered into before the case was tried is not in compliance with Art. 816, C.C.P. See Douthit v. State, Tex. Cr.App., 73 S.W. 809; Palacio v. State, 164 Tex.Cr.R. 18, 296 S.W.2d 550; Jaynes v. State, 164 Tex.Cr.R. 147, 296 S.W.2d 934.

The appeal is dismissed.