### John Myers v. The State.

No. 1610.   Decided February 28, 1912.

Rehearing denied March 13, 1912.

**1.—Burglary—Jury and Jury Law—Separation of Jury.**

Where, upon trial of burglary, it appeared from the record on appeal that the parties had accepted four jurymen who had not yet been sworn to try the case and were thereafter allowed to separate, pending the summons of other jurors to complete the panel, and there was nothing improper shown by such separation, there was no reversible error, although it is the better practice not to permit such separation. Following Bailey v. State, 26 Texas Crim. App., 706. Article 725, Code Criminal Procedure.

**2.—Same—Evidence—Leading Questions.**

Where some of the questions were not leading and others, as qualified by the court, presented no injury, there was no error.

**3.—Same—Evidence—Telephone Message.**

Where, in a case of circumstantial evidence, upon trial of burglary, it was shown that the defendant was seen in company with another party who was in possession of and concealing the alleged stolen property, there was no error in admitting testimony that the witness received a telephone message to come to a certain place to buy the alleged property and to call up the party who had possession thereof.

**4.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of burglary, there was no evidence that defendant offered an explanation at the time of his arrest as to property recently stolen, there was no error in the court's failure to charge thereon.

**5.—Same—Alibi—Charge of Court.**

Where no special charge was presented on the question of alibi, and the evidence only slightly raised this issue, there was no error in the court's failure to charge thereon. Following Jones v. State, 53 Texas Crim. Rep., 138.

**6.—Same—Verdict—Practice.**

Where, upon appeal from a conviction of burglary, appellant complained that the indictment, when delivered to the jury, had written thereon the verdict of a previous jury, but the record disclosed that the defendant's rights were in no way injured, there was no error.

**7.—Same—Charge of Court—Circumstantial Evidence—Principals.**

Where the court's charge on circumstantial evidence and principals was correct, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Samuell & Adams,* for appellant.—On the court's failure to charge on alibi: Ballentine v. State, 52 Texas Crim. Rep., 369, 107 S. W. Rep., 546; Wilson v. State, 51 S. W. Rep., 916; Joy v. State, 51 S. W. Rep., 933; Anderson v. State, 31 S. W. Rep., 673; Jones v. State, 53 Texas Crim. Rep., 131, 110 S. W. Rep., 741.

On the question of the court's charge on principals: Franks v. State, 35 S. W. Rep., 977; Gracy v. State, 57 Texas Crim. Rep., 68, 121 S. W. Rep., 705; Eggleston v. State, 59 Texas Crim. Rep., 541, 128 S. W. Rep., 1105.

On question of separation of jury: Wilcek v. State, 141 S. W. Rep., 88.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of

the offense of burglary, and his punishment assessed at two years confinement in the State penitentiary.

Appellant, in his first bill of exceptions, alleges that when furnished with a list of the jurymen, the State and defendant excused all the regular jury except four men, and while the sheriff was summoning talesmen, the court permitted these four to separate and go outside of the courtroom, the bill stating, "the defendant's counsel noticing that the four jurors were absent from the box, asked where they were, and the judge replied that he allowed them to go and 'phone, and the defendant then and there excepted to such action of the court, and here now tenders his bill of exceptions." In approving the bill the court states: "The above bill does not fully state the facts and the court makes this explanation: These four jurymen were examined by the court and stated under oath that they did not speak to anyone about the case or any other business of the court. These men had not been empaneled and sworn, and they were not challenged by defendant for this or any other reason." In the case of Wilcek v. State, recently decided by this court, it was held that where a portion of the jury has been selected and empaneled, they should not be permitted to separate, and if, after being sworn, they were permitted to do so, it would present reversible error; yet, in this case, it appearing that the jurors had not been sworn to try the case, no objection was offered to their composing a part of the jury, and nothing improper being shown, we can not say this presents reversible error. See Bailey v. State, 26 Texas Crim. App., 706, and article 725 of the Code of Criminal Procedure. However, we would suggest that after any part of the jury has been selected and set apart to try a case, whether empaneled and sworn or not, the court should not permit their separation and · thus save this question on appeal. It is easy to comply with the Code of this State, and we can not see why judges will take such chances of reversal.

There are several bills in the record complaining that the State's attorney was permitted to ask leading questions. In some instances the questions were not leading and in the other instances, as qualified by the court, they present no error for no injury is shown, or that improper evidence was adduced.

In bill No. 3 appellant complains that the court permitted the witness Pickens Burton to testify that he received a telephone message from Motley's saloon in which he was asked if he desired to buy a set of harness. The witness testified that two men talked to him, and he did not know who they were, but he told them he could not come to Motley's saloon, when he was told that when he returned to his barn to call up Bud Dowling, and when he returned to his barn he did so, and appellant and Dowling appeared at his barn, and he told them to bring the harness to him. Dowling replied that he might be seen, when he was told to bring it in the back way. That shortly thereafter Dowling and appellant came in the back way with the harness and he bought it. This harness is the property alleged to have been stolen

when the house was burglarized. Appellant having been shown to have been with Dowling at Motley's saloon, with Dowling when he went to Burton first, and with Dowling when the harness was brought in the back way and sold, this bill presents no error. This was a case of circumstantial evidence and all these circumstances were admissible as tending to prove that appellant and Dowling were the men who had burglarized the barn.

There was no error in the court failing to charge on explanation of recently stolen property. No explanation was offered at the time of disposition of the property, at the time of arrest, at the time of trial, or at any other time. Consequently, no charge thereon was called for, but it could be considered with other circumstances in the case in passing on the guilt or innocence of defendant. (Franks v. State, 36 Texas Crim. Rep., 149.)

Appellant complains that the court failed to charge on alibi. No special charge was presented in regard to this matter, but in the motion for new trial appellant complains of this omission in the charge. The evidence shows that the barn of P. G. Claiborne was burglarized after seven o'clock in the evening. About 7:15 or 7:30 appellant went in Capt. Motley's saloon, when the following conversation took place: Defendant asked: "What time is it?" and Capt. Motley told him it was 7:15 by his watch and 7:30 by the clock. Defendant then asked, "Is that the correct time?", remarking "I want you to remember this." Capt. Motley asked him: "Why," and defendant replied "that's all right, you remember it is 7:15 p. m." After appellant had been in the saloon for some time, Dowling came in from the back way and asked defendant, "What made you leave?" Burton testifies that he was called by some one from Capt. Motley's saloon; he did not recognize the voice, but talked to two men, and he was asked if he wanted to buy a set of harness, and upon replying that he would buy if the harness was worth the money, was told to "come over to Capt. Motley's saloon." Witness replied it would be an hour before he could leave the hackstand, when the party talking said for him to ring up Capt. Motley's saloon and call for Bud Dowling; when he returned to the stable, he called Motley's saloon and called for Dowling; Dowling came to the phone and witness told him that he was at his stable, and Dowling replied that they would be right over and in a few minutes Bud Dowling and defendant came to his stable; one of them said to witness that the harness was over at Motley's saloon and witness told him to bring it over to the stable and he replied that some one would see them if it was brought in the front and witness told him it could be brought in the back way over the fence; that one man did all of the talking to witness, but he could not say which man it was; defendant and Dowling then left the stable through the back way; in about five minutes they returned through the back way bringing the harness in a sack, bringing it into the stable from the back and poured it out on the floor, one man had the harness, witness could not say which

one; then the detectives walked in and arrested this defendant and Bud Dowling. Under this state of facts we do not think a charge on alibi was called for. The evidence does not account for defendant's whereabouts from seven o'clock until he went into Motley's saloon, and from then on he is ·acting with Dowling in all steps taken, and the tracks at the barn show that two men were engaged in the burglary. In Jones v. State, 53 Texas Crim. Rep., 138, this court has held: "It is well settled in this State by the repeated decisions of this court that the defense of alibi is sufficiently embraced in a general charge to the effect that a defendant is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt where no additional instruction is requested more explicitly amplifying the law on that subject," citing many authorities. In this case, no request having been made for more specific instructions, even if the evidence slightly raised this issue, under the decisions of this court no error would be presented.

Appellant complains that the indictment, when delivered to the jury, had written thereon the verdict of a previous jury. The facts, as shown by the bill, are as follows: "When the jury went in the room they first took a vote as to whether the defendant was guilty or innocent. The vote was unanimous that the defendant was guilty. The next vote was on the question of punishment, and after a short time they agreed upon a verdict as it appears in this case. Thereupon the foreman of the jury wrote out the verdict in full, fixing the punishment at two years confinement in the State penitentiary, and this verdict was written on the charge of the court and signed by the foreman, as the jury was about to leave the room some member of the jury, possibly the foreman, asked if the verdict should not be written on the indictment instead of on the charge of the court. The foreman unfolded the in-indictment and discovered that there was a verdict written on it, and stated that there must be a mistake, we probably have the wrong indictment as there seems to be a verdict on this indictment. It was then that they called the attention of the sheriff to this fact. The indictment was returned to the jury without any verdict on·it, and the jury was of the impression that they had gotten the right indictment instead of that one on which the verdict had been written. The foreman then wrote the exact verdict on the indictment that had already been written on the charge." It will be readily seen that defendant was in no way injured or prejudiced by these proceedings.

The charge on circumstantial evidence is in language frequently approved by this court and presents no error. Neither is the criticism of the charge on principals well founded. The court in his charge fairly and fully presents all issues arising under the evidence and the judgment is affirmed.

*Affirmed.*

[Rehearing denied March 13, 1912.—Reporter.]