HARLAND LINDSEY V. THE STATE.

No. 10977. Delivered June 8, 1927.

Rehearing denied October 19, 1927.

Second application refused November 23, 1927.

1.—Theft—Charge of Court—On Accomplice Testimony—No Error Shown.

Where the court charged the jury that a certain witness was an accomplice, such charge was not subject to the criticism that it assumed an offense had been committed, and that the witness was an accomplice of appellant in its commission. This same question has been many times decided adversely to appellant's contention. See Torres v. State, 55 S. W. 828, and other cases cited in original opinions.

2.—Same—Withdrawing Testimony—Proper Practice—No Error Shown.

Where the state had proven by the appellant that he had been formerly charged with theft of an automobile tire, and it afterward developed that there was no charge filed against him in court, and the jury were then instructed to disregard all reference to the theft of an automobile tire, no error is presented.

3.—Same—Continued.

Also where appellant was asked an improper question on his cross-examination, and the court promptly instructed the jury to diregard the question and all reference to the matter inquired of, no error is shown.

ON REHEARING.

**4.—Same—Charge of Court—Description of Property—No Variance Shown.**

Where the indictment charged the theft of a bale of lint cotton, and the charge of the court referred to it as a "bale of cotton," as described in the indictment, no variance is shown. It is a matter of common knowledge that a bale of lint cotton is ordinarily referred to as "a bale of cotton."

ON SECOND REHEARING.

**5.—Same—No Error Presented.**

Appellant requests leave to file a second motion for rehearing, but points out no error that would warrant our consideration, and such leave is refused, without a written opinion.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*M. B. Briggs* of Gilmer, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

A statement of the evidence heard is not before this court. In the absence of such a statement it is not possible to appraise the bill of exceptions complaining of procedure, unless in the bill there is embraced sufficient evidence to make it plain that an error which necessarily prejudiced the appellant's case was committed. The complaint is that the court instructed the jury that the witness, Charlie Still, was an accomplice. The criticism is that such a charge implies that an offense has been committed in which the accused is a party. This criticism has been held untenable. Torres v. State, 55 S. W. 828. The propriety of giving a like charge has been often announced. See Wilkerson v. State, 57 S. W. 964; Hatcher v. State, 43 Tex. Crim. Rep. 240; Spencer v. State, 52 Tex. Crim. Rep. 292. See numerous other cases collated in Branch's Annotated Tex. P. C., Sec. 712. The theft, according to the averment in the indictment, was of a bale of "lint cotton." Bill of exceptions No. 2 attacks the charge because the court, in instructing the jury, used the words

"one bale of cotton described in the indictment." We think the complaint is without merit.

In bill of exceptions No. 3 it appears that appellant, while testifying in his own behalf, was asked, as a predicate for impeachment, if he had not been charged with theft of an automobile tire. To this he answered in the affirmative, stating that he was arrested for such an offense. It later developed from his testimony that there was no charge against him filed in court. Upon appellant's request the jury was instructed to disregard all reference to the theft of an automobile tire. Part of this appears in the qualification to the bill. As qualified the bill reveals no error.

In bill of exceptions No. 4 it appears that while appellant was under cross-examination he was asked if he had not had a conversation with the witness, Thomas, in which Thomas had advised appellant to refrain from making any statement, and that he might escape punishment by laying the offense upon Charlie Still. Appellant denied the conversation, and the court instructed the jury to disregard the question and all reference to the matter. The bill fails to show error. We add, in reference to all of the bills, that they are not in such condition that in the absence of knowledge of facts that were before the trial court and jury at the time of passing on the motion for new trial, we are unable to determine that appellant's case was prejudiced by any of the transactions mentioned.

The judgment will be affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his insistence that because the indictment charged him with the theft of a bale of lint cotton, and the charge of the court referred to the property alleged to have been taken merely as "a bale of cotton," this is a variance. We are not able to agree with this proposition. It is a matter of common knowledge that a bale of lint cotton is ordinarily referred to as a bale of cotton. The further fact appears also that in the charge the court specifically referred to a bale of cotton "As described in the indictment." This is the usual method of directing the jury's mind to the indictment for a more extended description of the property involved. The indictment is ordinarily read to the jury, the accused pleads thereto, and the indictment is taken into the jury room upon retirement. We think such practice is entirely proper.

We know of no authority in this state holding it wrong to ask one who is on trial for an offense, and who takes the wit-

ness stand in his own behalf, if he has not been arrested and charged with a felony or some offense involving moral turpitude, the purpose being to lay a predicate for the impeachment of the accused and to thus affect his credibility as a witness. This was done in the instant case, and the accused admitted that he had been arrested and charged with theft. This was entirely correct. Later, upon discovery that following the arrest of the accused for theft no legal charge had been filed against him, the court instructed the jury not to consider the testimony. In this we perceive no error. The court's action was correct in admitting the testimony in the form same appears in the bill of exceptions, in the first instance, and certainly the court was correct in endeavoring to correct the effect of the admission of this testimony when it was later developed that no legal charge had been filed. The record does not reflect that any objection was made at the time of the asking of this question of the appellant, based on the proposition that no legal charge followed his arrest. If such objection had been made, it seems entirely probable that this question would have been then investigated and the objection sustained upon it being shown that following such arrest no charge had been filed.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*

Application to file second motion denied, November 23, 1927.