ANDREW PAUL CLEPPER V. STATE

No. 27,889. December 14, 1955

*Wm. F. Jackson* and *J. C. McEvoy*, Hempstead, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder with malice; the punishment, five years in the penitentiary.

The statement of facts herein cannot be considered because the same was filed too late.

Appellant by Formal Bill of Exception No. 1 shows that the trial court, at the conclusion of the argument to the jury, delivered several printed forms of verdict to a member of the trial

jury which had not been submitted to the appellant or his counsel or filed with the clerk of the court; and that neither appellant nor his counsel saw the forms of verdict until after the return of the verdict and the discharge of the jury.

The bill further shows that the appellant in his motion for a new trial complained of such action on the ground that the court committed material error calculated to injure his rights, and that such delivery of the forms of verdict deprived him of his right to be apprised of the contents thereof, his right to object thereto, and in failing to include them in his main charge deprived him of his right to discuss them with the jury.

The court's qualification to this bill recites that "the jury selected the form desired by them * * * and returned it into open Court as their verdict and that the other unused forms were returned into Court with the charge in blank, and are enclosed in the transcript."

The verdict returned found appellant guilty as charged in the indictment.

The court's qualification to this bill of exception reveals that he failed to deliver to the jury a form for every verdict which they were authorized to return under the instructions, submitting the case in the main charge, that is, he did not deliver to them a form of verdict for assault with intent to murder without malice. No such form of verdict appears in the transcript. Appellant was justified in assuming that the court would deliver to the jury forms for every verdict authorized by the main charge.

Judge Hawkins in discussing the propriety of furnishing forms of verdict in Harris v. State, 106 Texas Cr. R. 539, 293 S.W. 822, 824, said: "But all are agreed that, if forms are provided, the court should include a form for every verdict which might be returned under the evidence and instructions of the court * * * ." Branch's Ann. P.C., p. 335, Sec. 657, and authorities there cited; 42 Texas Jur. 490, Sec. 380; and Lovelady v. State, 150 Texas Cr. R. 50, 198 S.W. 2d 570.

In Riley v. State, 127 Texas Cr. R. 267, 75 S.W. 2d 880, we held that where the evidence authorized the submission of the issue as to whether the defendant should be found guilty of assault with intent to murder with or without malice aforethought, a charge incorporating only one form of verdict and

ignoring the form which the jury could use if they found the defendant guilty of assault with intent to murder without malice constituted reversible error.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.