### BOB JAYNES V. STATE

No. 28,471. October 17, 1956.
On the Merits November 28, 1956.
(Appellant's Motion for Rehearing Overruled (Without Written Opinion),
January 16, 1957.

*Rankin, Cherry & Martinez,* by *Robert F. Cherry,* Edinburg, and *Charles C. Smith, Jr.,* Cameron, for appellant.

*Jim Bates,* Criminal District Attorney, and *R. L. Lattimore,* First Assistant District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for aggravated assault; the punishment, a fine of $500 and confinement in jail for 2 years.

Notice of appeal was given on March 8, 1956, after the first amended motion for new trial had been overruled on March 6, 1956.

The record shows that the appellant and his sureties entered into recognizance before the court on February 11, 1956, which was before the notice of appeal was given and in fact before the amended motion for new trial was filed.

Under the provisions of Art. 827, V.A.C.C.P., an appeal is taken by giving notice thereof in open court and having the same entered of record.

Until an appeal has been taken, the trial court is not authorized to permit the accused to enter into a recognizance on appeal. Hallman v. State, 113 Texas Cr. R. 100, 18 S.W. 2d 652; and Fletcher v. State, 156 Texas Cr. R. 335, 242 S.W. 2d 377.

A recognizance on appeal entered into before notice of appeal was given is insufficient to confer jurisdiction on this court. Hallman v. State, supra; Fletcher v. State, supra; and Ramirez v. State, No. 28,311, opinion delivered May 9, 1956, 163 Texas Cr. Rep. 491, 293 S.W. 2d 653.

The appeal is dismissed.

Opinion approved by the Court.

## ON MOTION TO REINSTATE APPEAL

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, two years in jail and a fine of $500.00.

The narrative statement of facts which appears in the trans-

cript has not been approved by the trial judge or by counsel and cannot be considered.

We shall discuss the bills of exception presented by able counsel in brief and argument.

Bill of Exception No. 4 complains that the court submitted forms for various verdicts for the use of the jury but failed to include a form of verdict finding appellant guilty of simple assault, conviction for which was authorized in the court's charge.

The qualification of the bill shows that the forms were submitted to counsel for appellant and no objection was made because of the omission of a verdict for simple assault.

There is no showing in the bills that a request for further time to study the forms of verdict was made and denied. Clepper v. State, 162 Texas Cr. Rep. 278, 284 S.W. 2d 739, is not controlling here because in that case the attorney for the accused did not see the forms for verdict until after the jury was discharged and therefore had no opportunity to object.

Bill of Exception No. 3 complains of the cross-examination of one of appellant's reputation witnesses.

From the record, it appears that the witness was handed a copy of a city police report concerning the appellant and asked to read it and, upon objection being urged, the matter was not pursued any further. The court qualified the bill as follows:

"The document described in this bill and herein complained of was not in any way displayed to or exhibited to the jury; nothing from such document was read to the Court or the jury; it was not offered in evidence nor admitted in evidence, the court did not see any part of such document and is not acquainted with the contents thereof, and such document cannot be considered by this court as part of the record in this case."

There is an entire absence of any showing that the jury knew the nature of the instrument that was handed to the witness, and hence no reversible error is shown.

Bill of Exception No. 9 complains of another question propounded by the district attorney while cross-examining the same witness:

"Q. Mr. Downing, who was the last person you heard tell about Bob Jaynes reputation for being a peaceful and law-abiding citizen? A. I have not heard anybody.

* * * *

"Q. Did you hear your wife say that his reputation for a peaceful and law-abiding citizen was good? A. Well I don't know*n* whether my wife knows anything about it or not.

"Q. Your wife stabbed him didn't she?"

The witness did not answer the question, and, upon objection, the question was withdrawn.

In the absence of a statement of facts which we may consider, this bill cannot be appraised.

Appellant takes the position that the asking of the question was tantamount to proof of the commission of an extraneous offense by the accused. If so, we cannot say that the same or similar proof was not before the jury in the testimony of other witnesses.

Bill of Exception No. 5 complains of the following ruling of the court during argument: "That is doubtful argument counsel, so I ask you to desist."

The court qualified the bill by attaching the entire first part of defense counsel's argument which contains the ruling of the court about which he complains. It is as follows:

"Mr. Cherry (Counsel for the Defense) : The Assistant District Attorney addressed you first and has tried to make you think that if I have anything to say that is not flattery, not kind, not good about the District Attorney or his staff about their conduct in this lawsuit that it is because I do not have any evidence in my favor. That is not necessarily true and you do not have to believe that is necessarily true. We have in this county perhaps the smartest district attorney that I have ever seen. He knows how to conduct a lawsuit as you have seen that he does on behalf of the State. He knows how to bring everything before you in the light most favorable to his side, he knows how to use all of the evidence to the best advantage to obtain a conviction. A man of great promise, a man of fine in-

tellect, a man who has been much favored by the people of this county, a man of ambition, his ambition is very great * * *.

"Mr. Bates (District Attorney): If the Court please, my ambition has nothing to do with * * *

"The Court: Counsel is paying you glowing compliments.

"Mr. Bates: Well I appreciate that Your Honor, but my ambition has nothing to do with the trial of this case.

"The Court: Let us go ahead with the trial of the case.

"Mr. Cherry (continuing): A District Attorney's ambition is a laudable thing provided it is properly directed, and misdirected it is a dangerous thing. It is more dangerous in the hands of a clever, smart and intelligent person * * *.

"Mr. Horger (interrupting): Now may it please the court, it is a dangerous thing for the defense counsel to go outside of the record too. We again request the Court to instruct him to confine his argument to the record.

"The Court: I have not anticipated what he is doing but he is going outside of the record. I am going to ask counsel to stay within the record and testimony that the jury has heard and nothing else.

"Mr. Cherry: Your Honor, you are entitled to argue about things common to all mankind, you are entitled to argue by example * * *

"The Court: You are not trying the District Attorney here.

"Mr. Cherry: I am a great admirer of the District Attorney.

"The Court: I know I have heard your remarks, but it sounded like you were fixing to capitalize on it in some other way. So stay within the record and the testimony before this jury.

"Mr. Cherry: You have seen how eager the District Attorney is for a conviction in the case. You have seen him bring in things here that were not admissible in evidence and he knew they were not admissible and withdrew them * * *

"Mr. Bates: If the court please, we object to that line—that

statement of counsel. If I brought anything in here as being inadmissible * * *

"The Court (interrupting) : Just a minute counsel. This remark is directed at the court, it sounds to me, what has been. admitted to this jury here has been under the ruling of this court, and I won't accept any criticism from counsel about evidence that has been admitted. You will have to assume that it was correctly admitted and I am going to ask you to desist, and that is * * *

"Mr. Cherry: I think the court misunderstood me. I said he brought in things that were not admissible and he knew they were not admissible and then withdrew them, which he did.

"The Court: That is doubtful argument counsel, so I ask you to desist.

"Mr. Cherry: We except to the court's ruling.

"Mr. Cherry: I pass now to the consideration of the statement."

It will be seen from the above that the court misunderstood the tenor of the argument, and when he was corrected only observed that it was doubtful argument and requested counsel to desist. For counsel to be allowed to argue that another had offered inadmissible evidence would reduce jury argument to a discussion of the respective abilities of counsel, which is a far cry from the merits of the case.

Bills of Exception Nos. 6 and 8 relate to jury misconduct. An affidavit of one of the jurors was attached to the motion for new trial relating a misstatement of law by one of the jurors during their deliberation.

A full hearing was had, and several of the jurors testified, two of whom stated that the discussion complained about occurred after the jury had reached their verdict. An issue of fact was presented for the court's determination, and, after having heard the witnesses, he chose to accept the testimony of those who stated that the discussion occurred after the jury had reached their verdict and was therefore harmless error.

No reversible error appearing, the judgment of the trial court is affirmed.