**Pablo CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40823.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Bryan Wingo, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Douglas Tinker, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for Murder with Malice Aforethought based on an indictment charging the appellant with killing Humberto Perez "by stabbing him with a knife." After a verdict of guilty by the jury at the trial which commenced on the 13th day of March, 1967, the appellant requested the judge to assess punishment. Following a hearing on punishment which reflected that this 20-year-old appellant had twice previously been convicted of burglaries and of the misdemeanor of-. fenses of Aggravated Assault and Unlawfully Carrying a Pistol, the judge assessed punishment at 35 years confinement in the Texas Department of Corrections.

■ We are confronted at the outset with the question of whether appellant's brief assigning his grounds of error on appeal was timely filed. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P. We conclude that it was not. The District Clerk notified appellant's employed counsel by certified mail of the completion of the record on July 13, 1967. See Article 40.09, Sec. 7, V.A.C.C.P. On July 31, 1967, the trial court approved the record noting that no objections were offered thereto. On September 29, 1967, appellant's brief was filed with the clerk. Such filing was not within the 30 days after the approval of the record by the court as required by Article 40.09, Sec. 9, supra, nor do we find any indication in the record before us that the trial court granted any extension of time for such filing. Therefore the grounds of error set forth in such brief are not before us for review, nor do we find any unassigned error which in the interest of justice we would be called upon to review. Article 40.09, Sec. 13, V.A.C.C.P.

■ We observe, however, that appellant's untimely filed brief contained three grounds of error. In his first he complains that the indictment, which was not introduced into evidence, was taken to the jury room with the exhibits. There is no evidence at all in the record before us to show that this occurred but even if it had, no error is reflected. Byrd v. State, Tex.Cr. App, 373 S.W.2d 745; Lindsey v. State, 108 Tex.Cr.R. 187, 299 S.W. 399. Cf. Urban v. State, Tex.Cr.App., 387 S.W.2d 396.

■ In his second ground of error appellant contends the trial court erred in permitting the introduction into evidence of prior sworn statements of certain defense witnesses used by the State for impeachment. The prior written statement of Gloria Gonzales was admitted into evidence by agreement of the parties, and the statement and confession (of stabbing Virginia Maldonado at the time and place of the killing alleged) of Marta Cantu were admitted upon appellant's counsel's insistence that the State be required to offer the sam :. The prior statement of Robert Cantu with

which the State sought to impeach him was not admitted into evidence. Appellant is in no position to complain, nor do we find any merit in his contention that before such prior statements can be used for impeachment there must be a compliance with the confession statute (Article 38.22, V.A.C. C.P.).

We further observe that in the charge the trial court properly limited the use of the impeachment testimony.

Appellant's third and last ground of error set forth in his untimely filed brief complains of the sufficiency of the evidence to sustain the conviction. He acknowledges, however, that the testimony of Mrs. Susie Perez, wife of the deceased, might constitute a basis for the jury's verdict but contends there were discrepancies in her testimony. We have carefully examined this 531 page record and find that the evidence is clearly sufficient to support the conviction.

The judgment is affirmed.