**Arthur James BOLDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45369.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 31, 1973.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., and Wm. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was

assessed by the jury at five hundred years.[1]

■ The sufficiency of the evidence is challenged. Margaret Moore, the injured party, testified that she was forty-six years of age and worked at a meat packing company and that on the Saturday in question, she cashed her check at a cafe on Ervay Street in Dallas and paid her outstanding bill there. She placed the rest of her money in her purse with the exception of a ten dollar bill which she folded several times and put in her brassiere. She went home and later played dominoes with friends. At approximately ten-thirty o'clock that night she and her friends went to a drive-in store. When they arrived, she went to the rest room where she was grabbed by the appellant who placed what felt like a knife to the back of her neck. He placed his hand over her mouth. He dragged and forced her to go to a vacant house a half-block away where he made her undress and took the ten dollar bill that she had in her brassiere. He then attempted to rape her.

At this time, Officer R. P. Horne of the Dallas Police Department entered the building to set up a surveillance of an apartment house nearby and heard a noise. He flashed his light and saw the undressed complainant and the appellant. Horne found a folded ten dollar bill in appellant's billfold and an East Dallas Special pocketknife in his pocket.

The jury had sufficient evidence to conclude that the appellant robbed the complainant.

The main contention in oral argument by counsel for appellant was that the court failed to deliver to the jury a form of verdict for not guilty.

The charge of the court with the attached verdict forms was filed and given to the jury. The verdict forms are on the same page and appear in the record as follows:

"VERDICT SHEET

"(If you find the defendant guilty, use the verdict form shown immediately below:)

"We, the jury, find the defendant guilty of robbery as charged in the indictment.

/S/ Archie J. Wilhelm
Foreman.

"(If you find the defendant not guilty, use the verdict form shown immediately below:)

Foreman."

There was no objection to the instructions of the court or to the forms of verdict.

In Harris v. State, 106 Tex.Cr.R. 539, 293 S.W. 822, this Court noted that its opinions were not in harmony upon the propriety of furnishing forms of verdict to the jury. Some cases had held it "commendable," Williams v. State, 24 Tex.App. 637, 7 S.W. 333; Oates v. State, 51 Tex. Cr.R. 449, 103 S.W. 859; Crook v. State, 27 Tex.App. 198, 11 S.W. 444, while other opinions had discouraged the practice. Smith v. State, 103 Tex.Cr.R. 103, 280 S. W. 200; Hickox v. State, 95 Tex.Cr.R. 173, 253 S.W. 823.

The Harris decision also observed that *all cases agreed* that, if forms are provided, the court should include a form for every possible verdict which might be returned under the evidence and the court's charge so as to avoid conveying to the jury any impression as to the judge's opinion as to what particular verdict should be rendered. See also 1 Branch's Ann.P.C.2d, Section 677, page 652. And it has been

1. At the penalty stage of the trial it was shown that the appellant had been convicted for robbery and received probation. He was later convicted for burglary and his probation in the robbery case was revoked. Also, it was shown that he had been convicted for the offense of aggravated assault on a female.

consistently held that where all possible forms of verdict have been submitted no error is reflected by the use of verdict forms. Garcia v. State, 162 Tex.Cr.R. 594, 288 S.W.2d 513. Crayton v. State, 166 Tex.Cr.R. 324, 314 S.W.2d 87.

In Jennings v. State, Tex.Cr.App., 367 S.W.2d 670, appeal dismissed and certiorari denied 375 U.S. 398, 84 S.Ct. 453, 11 L. Ed.2d 412, no form of verdict for assault to murder without malice was submitted. This Court held that the failure to submit all forms for possible verdicts that the jury might have reached was not reversible error where there was no objection at the time.

Clepper v. State, 162 Tex.Cr.R. 278, 284 S.W.2d 739, relied upon by appellant, was reversed for the failure to submit a form of verdict for assault to murder without malice even though such a charge was authorized under the court's instruction in a prosecution for assault to murder with malice. In that case, the bill of exception recited that neither the defendant nor his attorney saw the forms of verdict until after the return of the verdict and the discharge of the jury. This was complained of on a motion for new trial.

In Jaynes v. State, 164 Tex.Cr.R. 147, 296 S.W.2d 934, a form of verdict for simple assault was not submitted even though authorized under the court's charge in a prosecution for aggravated assault. All the prepared forms had been presented and were furnished to defendant's attorney before the argument began and no objection was made until after the conviction. This case was affirmed. This Court held that the Clepper case did not control because Clepper had no oppportunity to object and Jaynes did.

■ In the present case there was no objection to the charge or to the attached

forms of verdict. Absent an objection or a showing that he had no opportunity to object the matter is not properly before us for review.[2]

In Beard v. State, 41 Tex.Cr.R. 173, 53 S. W. 348, a charge in a murder trial that if the jury found the accused guilty they would assess his punishment at —— years, and if they found him not guilty they would simply say so in their verdict, was held not objectionable as giving no alternative form in case of acquittal and thus leaving the jury without option to convict.

The district attorney in his brief states that the not guilty form of verdict is not as complete as those normally employed, but if the foreman had signed the "not guilty" form provided, the conclusion would have been inescapable that the jury found him not guilty.

■ Even if the matter were properly presented for review, we conclude that the jury was not misled by the form submitted. A more thorough form phrased like those for a finding of guilty should have been furnished. In construing the verdict and the charge as a whole which instructed the jury to find the appellant not guilty unless they believed beyond a reasonable doubt that he committed the act of robbery as alleged, we conclude that no harm or reversible error has been shown.

In the present case a form for not guilty, although not a proper one, was submitted and if the foreman had signed that form and it had been accepted by the court, the appellant would have been acquitted.

■ Next, the appellant complains that he was limited in his cross-examination of the complaining witness. During cross-examination of Margaret Moore appellant's counsel asked her, "Now at the time the officers came in the house, you knew if

**2.** In Marin v. State, Tex.Cr.App., 374 S.W.2d 227, the verdict forms were not made a part of the record on appeal. The trial court stated in the charge that suitable forms for their verdict were attached. This Court held the burden was on the defendant to show that all of the forms for possible verdicts were not available to the jury.

you told them you were carrying on any prostitution that they would arrest you too, didn't you?" She was also asked if she had ever been in jail. Objections to these questions were sustained. Assuming, without deciding, the answers would have been relevant to any issue in the case, there was no attempt to develop out of the presence of the jury what her answers would have been. Absent such a showing nothing is presented for review. See Article 40.09, Section 6(d)(1), Vernon's Ann.C.C.P., and Elliott v. State, Tex.Cr.App., 475 S.W.2d 239.

No reversible error has been shown. The judgment is affirmed.

ROBERTS, Judge (dissenting).

The majority opinion admits that an improper verdict form was used, but is able to conclude that "no reversible error has been shown." No authorities in point are cited by the majority.

The majority states that while incomplete, a verdict form for "Not Guilty" was provided. I note that following the instructions for a finding of "Guilty," a form was, in fact, provided. However, no such form was provided following the instruction for a finding of "Not Guilty," even though the instruction states, "use the verdict form immediately below."

Certainly, the evidence against appellant is substantial. The testimony of the prosecutrix was uncontroverted. But this Court should not encourage such a procedure, by finding the error not reversible. Suppose an instruction and form were provided for a "Guilty" verdict, but no mention whatsoever made of a verdict of "Not Guilty?" Taken one logical step further, today's decision might be good authority for upholding a verdict of "Guilty" in such a case. Perhaps in such hypothetical case, this Court could again trust the intelligence of the jury, and reason that had a verdict of "Not Guilty" been warranted, the jurors would, no doubt, have handwritten such a finding below the "Guilty" form.

The majority opinion relies quite heavily upon the fact that no objection was made to the instructions of the court or to the forms of verdict. However, I would conclude that appellant's fundamental guarantee of due process has been so violated as to render unnecessary an objection. If the Court submits any jury verdict forms, then it should submit a form of every kind of a verdict that may possibly be returned by the jury; otherwise, it may be construed by the jury to mean that the court is of the opinion that only a certain kind of verdict was justified under the law and the facts. See Cupp v. State, 127 Tex.Cr.R. 10, 74 S.W.2d 701, 704 (1934).

I respectfully dissent.