Arthur Henry BERGHAHN, Appellant,

v.

STATE of Texas, State.

No. 2-82-235-CR.

Court of Appeals of Texas, Fort Worth.

Nov. 16, 1983.

Rehearing Denied Dec. 14, 1983.

Charles E. Perry, Wichita Falls, Newman, Martin & Dodd and Bruce Martin, Iowa Park, for appellant.

R. Harold White, Dist. Atty., and Barry L. Macha, Asst. Dist. Atty., Wichita Falls, for State.

Before HUGHES, ASHWORTH and SPURLOCK, JJ.

## OPINION

HUGHES, Justice.

Arthur Henry Berghahn has appealed his conviction for the murder of his 7-year old stepson, Gregory Alan Poore. Berghahn pled not guilty to the charge, and the case was tried before a jury which found him guilty and assessed his punishment at ninety-nine (99) years confinement in the Texas Department of Corrections.

We reverse and remand.

Berghahn raises seven grounds of error on appeal. Due to our disposition of the case we find it necessary to only address ground of error five in which Berghahn contends that the charge of the court on guilt/innocence is fundamentally defective because it failed to include a form for a "not guilty" verdict. In response, the State argues that any error in the verdict form was waived; that Berghahn cannot create reversible error by his own manipulation; and that in light of the record, the absence of the "not guilty" verdict form was not calculated to injure Berghahn's rights nor deny him a fair and impartial trial.

The charge given to the jury instructed them on the law of murder, voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, reckless injury to a child and criminally negligent injury to a child. They were also instructed that they could find Berghahn not guilty. The last page of the charge stated that the jury must unanimously agree upon a verdict and that suitable forms for their verdict were attached to the charge. The verdict form which was attached is as follows:

> We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Murder.

_____
Foreman of the jury

We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Voluntary Manslaughter.

_____
Foreman of the jury

We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Involuntary Manslaughter.

_____
Foreman of the jury

We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Criminally Negligent Homicide.

_____
Foreman of the jury

We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Reckless Injury to a Child.

_____
Foreman of the jury

We, the jury, find the defendant, Arthur Henry Berghahn, Guilty of the offense of Criminally Negligent Injury to a Child.

_____
Foreman of the jury

Nowhere was a form provided on which the jury could find Berghahn "not guilty."

In this case, the court instructed the jury that "suitable forms for your verdict are hereto attached," and the only forms provided found the defendant guilty. Such action in effect amounted to an instruction by the court to find Berghahn guilty. The error is fundamental and requires that the case be reversed and remanded for a new trial.

Reversed and remanded.

SPURLOCK, Justice, dissenting.

I respectfully dissent.

The majority reverses this case because no form of verdict was provided for the jury to find the appellant "Not guilty," and concluded this to be fundamental error as the court had instructed the jury that "suitable forms for your verdict are hereto attached." Appellant made no objection to the charge. This case is one of first impression among reported cases in Texas.

Initially, I believed as did the majority that this error was obviously reversible. However, I found no authority to conclude

that the failure of the trial court to charge completely was error, absent objection by the appellant at trial.

The law is well settled that as to the verdict form where there is no objection or exception made to the same on the grounds of either omission or commission, any error is in effect waived. *See Jones v. State,* 74 Tex.Cr. 205, 167 S.W. 1110 (1914); *Womack v. State,* 74 Tex.Cr. 640, 170 S.W. 139 (1914); and *see Jaynes v. State,* 164 Tex.Cr. 147, 296 S.W.2d 934 (1956).

In *Jaynes,* the court found that failure to include a form of verdict to find the defendant guilty of simple assault (instead of aggravated assault), conviction of which was authorized in the court's charge, was not to be considered on appeal since no objection was made to the omission at trial.

A contrary result was reached where an omission was made, and the defendant not offered an opportunity to object (form submitted to jury by court with defense counsel given no opportunity to review). *Clepper v. State,* 162 Tex.Cr. 278, 284 S.W.2d 739 (1955). *See also Riley v. State,* 127 Tex.Cr. 267, 75 S.W.2d 880 (1934), where objection to an omission was made, but the omission was not corrected by the trial court.

There are two main cases where a court failed to include a proper *instruction* on the jury's duty to acquit, and thereby committed error. *See Steagald v. State,* 22 Tex.Cr. 464, 3 S.W. 771 (1886); and *Giles v. State,* 44 Tex.Cr. 435, 71 S.W. 961 (1903). These cases dealt with the court's burden to instruct properly on the law, and do not deal with the verdict form, and are thereby distinguishable.

In the instant case proper instructions on the jury's duty to acquit were contained, but the charge simply omitted a line for the foreman to sign for a verdict of "Not Guilty" if that had been concluded. Finding no requirement in the statutes or Code of Criminal Procedure for such detail in a verdict form, and as no objection to the form was made, and there being an instruction for the finding of acquittal otherwise, absent any prior holding that this error is fundamental, I would deny this ground of error and consider the others alleged.

An almost identical circumstance occurred in *Bolden v. State,* 489 S.W.2d 300 (Tex.Cr.App.1973), and despite Judge Roberts' strong dissent, I believe the result obtained there controls here. In *Bolden, supra,* no form for the verdict "not guilty" was provided, but an instruction on "not guilty" was given and a place provided for the foreman to sign. The Court of Criminal Appeals found no reversible error.