**Arthur Henry BERGHAHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 125–84.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Rehearing Denied Jan. 30, 1985.

Charles E. Perry, Wichita Falls, Bruce A. Martin, Iowa Park, for appellant.

Harold Lerew, County Atty., Timothy D. Eyssen, Dist. Atty., and Barry L. Macha, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of murder. The Court of Appeals, 660 S.W.2d 877, found fundamental error in the charge and reversed the conviction. We granted the State's petition for review to consider the issue.

The verdict form attached to the charge included alternatives for the jury to find appellant guilty of murder, voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, reckless injury to a child, and criminally negligent injury to a child. It did not include a form for finding appellant not guilty. In a hearing conducted by the trial court after the trial, the court reporter testified that after preparing the original charge and verdict form, which did include a form for finding appellant not guilty, the alternatives for injury to a child were added and in the process of correcting the page of form verdicts, the not guilty form was omitted. She also testified that the changes were made under the direction of defense counsel. The Court of Appeals held omission of the not guilty form was fundamental error, there being no objection to the omission.

In *Bolden v. State*, 489 S.W.2d 300, it was held that alleged error in the verdict form was not preserved for review where there was no objection at trial. The form used in that case recited:

"(If you find the defendant guilty, use the verdict form shown immediately below:)

We, the jury, find the defendant guilty of robbery as charged in the indictment.

_____
Foreman.

"(If you find the defendant not guilty, use the verdict form shown immediately below:)

_____
Foreman."

In this case, unlike *Bolden*, there was no mention of a not guilty verdict on the sheet of verdict forms. Like *Bolden*, however, there was no trial objection.

In *Cadd v. State*, 587 S.W.2d 736, it was stated "if a defendant requests a charge and that charge is given just as requested, he is in no position to complain of any error therein. [citations omitted]." Although the issue in that case involved the substantive charge instead of the verdict forms,

the rule should be equally applicable to both.

In this case appellant's counsel supervised the alteration of the verdict form page by the court reporter and made no objection to omission of a not guilty form. Under the combined authorities of *Bolden* and *Cadd* we hold no reversible error is shown.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of appellant's other grounds of error.

MILLER, J., concurs in the result.

CLINTON, Judge, dissenting.

Our present code of criminal procedure provides, and probably all its predecessors did as well, that a verdict is "a written declaration by a jury of its decision of the issue submitted to it ...," Article 37.01, V.A.C.C.P. The codes have also recognized a possibility that a jury verdict may be informal, meaning the jury had not "reduced [it] to the proper form," Article 37.-10, *id.* A means of correcting an informal verdict is indicated, *ibid.*

Yet, the Legislature has never seen fit to prescribe a mechanism for the jury to reduce its declaration to writing in the proper form. Consequently, that task has been undertaken by courts and, as is often the case, the results have been uneven—to be charitable about it.

Early on, the jury foreman apparently wrote down the verdict on whatever paper happened to be at hand. When the indictment was taken along with the charge into the jury room upon retirement to have a clear understanding of what was alleged, e.g., *Lindsey v. State*, 108 Tex.Cr.R. 187, 299 S.W. 399, 400 (1927), the foreman might write a verdict on the indictment, as well as on the charge. See *Myers v. State*, 65 Tex.App. 448, 144 S.W. 1134, 1136 (1912). In *Clay v. State*, 157 Tex.Cr.R. 32,

246 S.W.2d 180 (1952), he reported the verdict on the bottom of the charge.[1]

Moreover, given little or no guidance, a foreman might write out something so incomplete, vague or ambiguous that it would not support a judgment of conviction. See, e.g., *Buster v. State*, 42 Tex. 315 (1875); *Wooldridge v. State*, 13 Tex.App. 443 (1883). All sorts of rules of construction were applied to glean the intention of a jury in order to save its verdict. See notes 6 and 7 to Article 37.01, V.A.C.C.P. Presumably as a remedial measure, trial judges began to instruct juries as to terms of available verdicts. See, e.g., *Williams v. State*, 24 Tex.App. 637, 7 S.W. 333, 336 (1888); *Oates v. State*, 51 Tex.Cr.R. 449, 103 S.W. 859, 862 (1907). Then, to make it even easier, forms of possible verdicts were furnished the jury, along with the charge. However, that practice got mixed reviews on appeal whenever the judge omitted a form favorable to an accused; as the Court delicately put it in *Harris v. State*, 106 Tex.Cr.R. 539, 293 S.W. 822 (1927):

> "Our opinions are not in harmony upon the propriety of furnishing forms of verdict. Some hold it to be a commendable practice. [citations omitted]. Other opinions discourage the practice. [citations omitted]. But all are agreed that, if forms are provided, the court should include a form for every verdict which might be returned under the evidence and instructions of the court so as to avoid conveying to the jury any impression as to the judge's opinion as to what particular verdict should be rendered. [citation omitted]. Unless the forms provided in the present case violate the latter principle, the action of the court should not be held to call for reversal."

*Id.*, S.W. at 824. Accord: *Cupp v. State*, 127 Tex.Cr.R. 10, 74 S.W.2d 701, 704 (1934).

Then came *Bolden v. State*, 489 S.W.2d 300 (Tex.Cr.App.1972). To its charge the trial court attached a "verdict sheet." Parenthetically the jury was instructed that if

---

1. What is surely a rarity occurred in *Woodall v. State*, 58 Tex.Cr.R. 513, 126 S.W. 591 (1910): A juror still sitting in the box signed a verdict written out and handed to him by the district attorney without any deliberation by jurors whatsoever.

it found the defendant guilty to use the verdict form immediately below, and the form provided recited that the jury found defendant guilty of the offense charged in the indictment. Below that appeared:

"(If you find the defendant not guilty, use the verdict form shown immediately below:)

———————————

Foreman."

Ultimately the Court found that "a form for not guilty, although not a proper one, was submitted and if the foreman had signed that form and it had been accepted by the court, the appellant would have been acquitted," *id.*, at 302. Judge Roberts dissented, and with his usual prescience wrote:

"Suppose an instruction and form provided for a 'Guilty' verdict but no mention whatsoever made of a verdict of 'Not Guilty?' Taken one logical step further, today's decision might be good authority for upholding a verdict of 'Guilty' in such a case."

*Id.*, at 303.

As predicted by Judge Roberts, this Court now takes that step, relying on *Bolden v. State*, supra, in that appellant did not object to omission of a "Not Guilty" form on the verdict sheet, and the "alleged error" is not deemed fundamental.

In the case at bar the trial court told the jury in its charge that "suitable forms for your verdict are hereto attached." As it turned, however, that statement proved to be incorrect—so long as a "not guilty" verdict was "suitable." Although not articulated the majority must reason that, having been instructed under which circumstances it could acquit appellant and say by its verdict "Not Guilty," and should that be what the jury determined, the foreman of the jury was free to write out his own verdict form to that effect and sign it. That takes us partway back to "the good old days" when jury foremen were left to their own devices.

A trial judge in Texas either invented or adapted from another jurisdiction for use in this State a jury verdict form. When chal-

lenged on appeal, judges sometimes disagreed over propriety of the practice. *Harris v. State*, supra, at 824. Judge Lattimore, for one, believed "such practice should [not] be commended," *Hickox v. State*, 95 Tex.Cr.R. 173, 253 S.W. 823, at 826 (1923), regarding it among "expedients in criminal trials [which] should be avoided when there exists room for doubt as to their propriety," *Smith v. State*, 103 Tex. Cr.R. 103, 280 S.W. 200, at 201–202 (1926). Nonetheless, a rule approving the practice did develop, *viz:*

"If the court desires to furnish the jury with a form for their verdict he should include a form for every verdict which might be rendered so as to avoid conveying to the minds of the jury any impression as to the opinion of the court as to which of several verdicts might or should be rendered."

1 Branch's Annotated Penal Code (2nd Ed.) 652, § 677.

The Court has held that it is not reversible error for a trial court to submit proper forms, including one for "not guilty," which "cover all possible verdicts under the facts," *Garcia v. State*, 162 Tex.Cr.R. 594, 288 S.W.2d 513, 515 (1956); *Harris v. State*, supra, at 302; see also *Ragland v. State*, 391 S.W.2d 418, 420 (Tex.Cr.App. 1965). Indeed, when neither accused nor his counsel had seen the forms, the Court pointed out that they are "justified in assuming that the court would deliver to the jury forms for every verdict authorized by the main charge," *Clepper v. State*, 162 Tex.Cr.R. 278, 284 S.W.2d 739, 740 (1955). It is also true that the Court has applied the contemporaneous objection rule when an accused has seen the forms and failed to object, as the majority does here. However, if there is an opinion by this Court rendered before this cause in which the rule has precluded a complaint on appeal that a form verdict of "Not Guilty" was not delivered to the jury at all, I have yet to discover it. Even in *Bolden v. State*, supra, upon which the majority relies, the Court was not content to invoke the rule and rest on failure of objection.

In addition, to justify its result the majority says that "appellant's counsel supervised the alteration of the verdict page by the court reporter" and equates that with requesting a charge that is given—the invited error rule. However, reading from the State's brief a report of what happened, I am not so sure that counsel can be said to have "supervised" production of the flawed product.

The court reporter testified that appellant's counsel requested additional forms on the verdict page for findings of guilt with respect to two lesser included offenses. She took the verdict page that had already been prepared by her, "whited out" in the fifth possible verdict the words "not guilty" and counsel directed her as to what words to type for verdict forms covering the lesser included offenses. Using what remained of the fifth form she completed a verdict for the first requested lesser included offense. When she typed the last verdict form for the last lesser included offense, the reporter "inadvertently, unintentionally left off" a form for a not guilty verdict; she "had not been directed by anyone to leave it off," and was unaware that she had done so.

In criminal actions, due process vouchsafed by the Fourteenth Amendment and due course of law under Article I, § 19, Bill of Rights, are guarantees that proceedings will be conducted in accordance with established rules and forms which provide fundamental fairness necessary to due administration of justice. Deprivations of due process and due course do not rest on culpable fault, but may flow alike from innocent or good faith acts and omissions on the part of any participant in the criminal justice system. When the charge finally submitted also presented the jury a verdict sheet containing a form to find appellant guilty of the offense alleged or of every other conceivable lesser included offense, but did not include a verdict form for finding appellant not guilty, fundamental fairness was not provided appellant.

The Fort Worth Court of Appeals correctly decided this cause, and its judgment should be affirmed. Because it is not, I respectfully dissent.

TEAGUE and CAMPBELL, JJ., join.

Before the court en banc.

## OPINION ON MOTION FOR REHEARING ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

We granted appellant's motion for leave to file a motion for rehearing to clarify our original opinion. The record from the post-trial hearing conducted by the trial court demonstrates that appellant's attorney was in no way responsible for the omitted not guilty verdict form. The omission was purely a clerical error. The implication in our original opinion, that appellant's counsel "directed" the omission, is incorrect.

However, we will not disturb our original holding that *Bolden v. State*, 489 S.W.2d 300 (Tex.Cr.App.1973) controls the instant case. Like *Bolden*, there was no trial objection. We deny appellant's motion for rehearing.

CLINTON, Judge, dissenting.

The reason for the decision of the Fort Worth Court of Appeals, as well in its conclusion as in its findings, is stated thusly:

"In this case, the court instructed the jury that 'suitable forms for your verdict are hereto attached,' and the only forms provided found the defendant guilty. Such action in effect amounted to *an instruction by the court to find Berghahn guilty. The error is fundamental* and requires that the case be reversed and remanded for a new trial." [1]

*Berghahn v. State*, 660 S.W.2d 877 (Tex. App.—Fort Worth 1983).

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

cated.

When this Court grants a petition for discretionary review, it is to review the "decision" of a court of appeals, Article 44.01 and Article 44.45(a) and (b); which is to say, to review "the reason for such decision," Article 44.24(c).[2] Indeed, that is precisely what the State identified in the two grounds it presented for review. Yet, a majority of this Court simply will not address the reason for the decision given by the court of appeals.

The court of appeals was well aware that appellant had not objected to failure to include a verdict form for "not guilty." Not only does the record reflect lack of an objection, but also an amicus curiae brief flatly conceded that an objection had not been made. That was the very reason appellant and amicus curiae had to resort to a claim that *fundamental error* had been committed by the trial court in submitting a jury charge without a verdict form for finding appellant "not guilty." And the authorities cited and discussed, albeit from other jurisdictions, support their contention and the reason given by the court of appeals for its decision.

On original submission this Court reversed the judgment of the court of appeals on a dual basis: failure of appellant to object to absence of a "not guilty" verdict form, under *Bolden v. State*, 489 S.W.2d 330 (Tex.Cr.App.1973); counsel for appellant "supervised the alteration of the verdict form page" and thus was in no position to complain, under *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Cr.App.1979). Neither confronts the reason given by the court of appeals for its decision.

Now on rehearing, since not factually supported in the record and diametrically contrary to an express finding by the trial court that such omission was a clerical error, this Court retreats from the latter position. However, a majority adheres to one portion of *Bolden*, supra, ignoring that the Court did go on and directly treat the effect of the verdict form that was attached to the charge of the trial court, concluded that "the jury was not misled by the form submitted," and further concluded that "no harm or reversible error has been shown," in that:

"In the present case *a form of not guilty*, although not a proper one, *was submitted* and if the foreman had signed that form and it had been accepted by the court, the appellant would have been acquitted." *Id.*, at 302.

So what Judge Douglas and the majority in *Bolden* really held is that the circumstances did not present *fundamental error*. *Bolden* is inapposite; it will not justify what the majority does today.

Because the majority would reverse the judgment of the court of appeals without even considering the issues presented to and determined by that court, and now presented to this Court for review, I respectfully dissent.

MILLER, J., joins.

**2.** All references are to articles in V.A.C.C.P. unless otherwise indicated.