**Eduardo Puente MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–84–00138–CR.

Court of Appeals of Texas, El Paso.

May 22, 1985.

Margarito Rodriguez, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a conviction for burglary. The jury assessed punishment at fifteen years confinement and a fine of $5,000.00. We affirm.

In Ground of Error No. One, Appellant contends that the court committed fundamental reversible error in failing to provide the jury with a blank verdict form for a "not guilty" result as to burglary. A "guilty" form was provided for the primary charge of burglary. "Guilty" and "not guilty" forms were provided for the lesser offense of criminal trespass. No objection was made, and the omission was not called to the court's attention in any manner. In *Jennings v. State*, 367 S.W.2d 670, 671 (Tex.Crim.App.1963), the Court of Criminal Appeals held that a trial court objection is necessary to preserve a complaint that all possible verdicts were not supplied to the jury. In *Bolden v. State*, 489 S.W.2d 300 (Tex.Crim.App.1972), the Court of Criminal Appeals found that there was not a complete omission, but rather that the "not guilty" form was less explicit than the "guilty" form. Nonetheless, the Court stated:

> Absent an objection or a showing that he had no opportunity to object the matter is not properly before us for review.

*Bolden*, supra at 302.

On September 19, 1984, the Court of Criminal Appeals reinstated a conviction reversed by the Second Court of Appeals on the basis of fundamental error. *Berghahn v. State*, 683 S.W.2d 697 (Tex.Crim. App., 1984). Guilty forms had been provided for the jury with regard to murder,

voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, reckless injury to a child, and criminally negligent injury to a child. A "not guilty" form was not provided. While citing *Bolden,* the Court of Criminal Appeals went on to find from the record that the defendant's counsel had "supervised" the preparation of the verdict form page by the court reporter and made no objection to the result. On this dual basis reversible error was not shown. Judge Clinton's dissent in *Berghahn* interprets the majority position as holding that an omission such as this must be objected to in order to preserve review—the extension of *Bolden* presaged by Judge Roberts' dissent in that case.

We conclude that this is not fundamental error and requires trial objection for appellate review. In Appellant's present argument, the core injury produced by this omission is that it may be construed by the jury as a judicial comment on the evidence and the appropriate verdict. We agree, but note that a failure to object to an alleged comment on the weight of the evidence waives any review of the asserted error. *Sanchez v. State,* 434 S.W.2d 133 (Tex.Crim.App.1968); *James v. State,* 418 S.W.2d 513 (Tex.Crim.App.1967).

Furthermore, construing the verdict forms and their sequence on the single page in conjunction with the deliberation instructions in the charge, we find no conflict or improper channeling of the jury's decision making. A generic "not guilty" form at the end of the page would have stifled the present complaint, but we perceive no error or harm in the forms as presented. In the body of the charge, the jury is first instructed to decide upon the burglary verdict. If they did not find the Appellant guilty beyond a reasonable doubt, they were to find him not guilty. That was not an end to their duties, however, and the failure to provide a "not guilty of burglary" form to mark that step in their potential deliberation posed no harm to Appellant. The jury was instructed to next consider guilt or non-guilt of criminal trespass. If the elements were proven to their satisfaction beyond a reasonable doubt, they were to find him guilty of criminal trespass; if not they were to find him not guilty of the lesser offense. Following that instructed progression, the jury would not be misled by the forms provided. First is a guilty form for burglary. If they did not find him guilty, they would pass that form and next consider guilt of criminal trespass. Failing to find that, they would pass the second verdict form and return a verdict of not guilty as to criminal trespass. While the last form, for not guilty, expressly refers to criminal trespass, a progression by the jury to either of the second two forms would operate as a verdict of not guilty as to burglary as well.

In *Berghahn,* there was no form for not guilty at all, despite guilty verdict forms for the primary offense and five lesser offenses. The argument of judicial comment on the evidence suggesting guilt of some offense to the jury is much stronger under those circumstances. We do not find that the present forms would suggest to the jury that the court was favoring guilt of burglary or steering their decision in that direction because of the inclusion of not only a lesser offense guilty form but also a not guilty form for that charge. For all of the foregoing reasons, we feel that the complaint is without merit. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the evidence was insufficient to support the verdict. Appellant was tried and the jury charged upon theories of individual and party responsibility. The structure in question was a fully enclosed workshop of the El Paso Water Utilities Department, located in a service compound surrounded by walls, chain link fence and a gate, topped with barbed wire. Next door was a fire station. Water Department mechanic Carlos Sifuentes testified that Appellant and a companion entered the yard at approximately 5:30 p.m. Appellant was looking for his brother-in-law who he said worked there. Sifuentes did not recognize the name. Appellant and his companion

drove away. Sifuentes took down their license number. At about 6:45 p.m., fireman Mark Beltran heard the fence rattling next to the station. Upon investigating, he saw the Appellant on top of the gate to the water utility yard. Appellant dropped into the compound and went around the shop building which was later found burglarized. Beltran heard the noise of tools being shuffled around. Near the yard, Beltran saw a vehicle matching that which Sifuentes had seen the Appellant leave in earlier. The car was empty and the doors were open. Beltran returned to observe the yard, joined by fireman Maddox. Beltran saw the Appellant standing just outside the shop building. He was holding a crow bar or tire iron in his hand. A second man came out of the building and spoke to Appellant. Beltran noticed that the shop door window was broken. It had not been in that condition the first time he looked into the yard. Beltran called the police. A marked police vehicle arrived at the gate to the yard. Appellant and the other subject fled, climbing the fence and running from the scene. The Appellant was observed running from the scene by another police unit responding to the burglary call. Those officers turned and pursued him in their vehicle. He was observed hiding in some brush near the railroad yard. He fled again but was apprehended after a foot chase.

Water Department Manager John Hickerson and Yard Superintendent Jim Livingston testified as to ownership and non-consent for the entry. Livingston testified that the door was not broken when he left that day. While nothing was apparently taken, numerous tools and repair equipment had been moved from their customary location and piled by the door which was the point of illegal entry.

■ The evidence was clearly sufficient to support the verdict. The similar actions and conversation between Appellant and the companion observed exiting the building supported the conclusion that they were acting in concert. The movement of the tools justified an interpretation that theft was intended. After the police arrived, Appellant engaged in three distinct increments of flight. His identity as one of the intruders was established by the two firemen, Beltran and Maddox. Ground of Error No. Two is overruled.

■ In Ground of Error No. Three, Appellant contends that the prosecutor's argument at the guilt stage struck at Appellant by improper criticism of defense counsel's handling of the case. *Anderson v. State,* 525 S.W.2d 20, 22 (Tex.Crim.App.1975). Of the nine comments cited in the Appellant's brief, the first eight were not objected to, thereby waiving any assertion of error. Examining all nine comments, we find that they were not inflammatory or prejudicial. They were in fact proper responses to the preceding arguments for the defense. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim. App.1973). Ground of Error No. Three is overruled.

■ In Ground of Error No. Four, Appellant contends that the State's punishment argument referred to community expectations as to the result in this case. An examination of the argument reveals no reference to the community sentiment outside the courtroom. The prosecutor simply stated that the community bears the cost of crime and that the jurors, as members of that community, should recognize that fact and assess a fine to shift the burden to the culpable party. The argument was proper. *Nichols v. State,* 504 S.W.2d 462 (Tex.Crim. App.1974); *Bothwell v. State,* 500 S.W.2d 128 (Tex.Crim.App.1973). Ground of Error No. Four is overruled.

The judgment is affirmed.