NO. 07-03-0116-CR


 07-03-0117-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 14, 2003



______________________________




ANNA DARLENE NORTH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NOS. B 3667-0112, B 3368-0112; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Anna Darlene North filed a Motion to Dismiss Appeal on May 13, 2003,
averring that she no longer wishes to prosecute her appeals. The Motion to Dismiss is
signed by both appellant and her attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeals are hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeals at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice









Do not publish.



xt-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-08-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2008
______________________________

DELVETRA LASHERL JENNINGS, 

                                                                                                           Appellant

v.

THE STATE OF TEXAS, 

                                                                                                           Appellee
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17,382-0710; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
          Delvetra Lasherl Jennings was indicted for burglary of a habitation with intent to
commit aggravated assault. Yet, a jury convicted her of a lesser crime, that being burglary
of a habitation with intent to commit simple assault. Here, she complains of the jury charge
and asserts that the trial court erred in 1) omitting from it a verdict form that permitted the
jurors to find her “not guilty” of any offense, 2) improperly commenting on the evidence via 
the charge, and 3) omitting from the charge the purportedly lesser-included offenses of
assault and criminal trespass. We affirm the judgment.
          Background
          Appellant and the victim Michael Ray entered into a relationship whereby Ray
agreed to install a new engine in appellant’s automobile. She paid him $750, but Ray did
not complete the work. On October 8, 2007, appellant, her boyfriend Preston Alexander,
and a third unidentified man entered Ray’s home through the front door, without knocking,
assaulted him, and vandalized his house. 
          Issue 1 - “Not Guilty” Verdict Form 
          In her first issue, appellant complains that the trial court erred in failing to submit to
the jury a “not guilty” form with respect to the crime for which she was ultimately convicted. 
We overrule the issue.
           Three verdict forms were submitted to the jury. They allowed the jury to find
appellant either not guilty of burglary of a habitation with intent to commit aggravated
assault, guilty of burglary of a habitation with intent to commit aggravated assault, or guilty
of burglary of a habitation with intent to commit assault. No request was made, however,
for a form allowing the jury to find appellant not guilty of the lesser charge. Nor did
appellant object to its absence. Thus, she waived the complaint. Contreras v. State, 54
S.W.3d 898, 906 (Tex. App.–Corpus Christi 2001, no pet.) (holding that the failure to
include a “not guilty” form was not fundamental error and required an objection to preserve
it for appellate review); Hegar v. State, 11 S.W.3d 290, 298 (Tex. App.–Houston [1st Dist.]
1999, no pet.) (holding that the complaint about improper verdict forms had been waived
due to the failure to object at trial); Uzal v. State, No. 03-99-0242-CR, 2000 Tex. App. Lexis
79 at *2-3 (Tex. App.–Austin January 6, 2000, no pet.) (not designated for publication)
(holding that the omission of a not guilty form is not fundamental error).


 
          Issue 2 - Comment on the Weight of the Evidence 
          Appellant next complains about a portion of the trial court’s charge being a comment
on the weight of the evidence. Yet, she did not object to it below. Thus, the complaint was
not preserved for review, and we overrule it. Contreras v. State, 54 S.W.3d at 906 (holding
that the failure to object to an alleged comment on the weight of the evidence waives the
claim); Martinez v. State, 691 S.W.2d 791, 793 (Tex. App.–El Paso 1985, no pet.) (holding
the same).
          Issue 3 - Lesser-Included Offenses
          Finally, appellant contends that the trial court erred in failing to instruct the jury on
the purported lesser-included offenses of simple assault and criminal trespass. We
overrule the issue.
          A party is entitled to an instruction on a lesser offense if 1) the lesser offense is
included in the proof necessary to establish the greater offense, and 2) some evidence
exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty
only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993). In applying the first prong, we compare the elements of the lesser crime to those
of the greater as the latter is described in the indictment. Hall v. State, 225 S.W.3d 524,
535-36 (Tex. Crim. App. 2007). In other words, if the elements of the supposed lesser
offense are not included in the wording of the crime contained in the indictment, it is not a
lesser-included offense. 
          As previously mentioned, the State charged appellant with burglary of a habitation
with the intent to commit aggravated assault. It described the crime in the indictment by
alleging that she “with intent to commit the felony . . . of aggravated assault, intentionally
or knowingly enter[ed] a habitation, without the effective consent of Michael Ray, the owner
thereof.” To see if the first lesser offense sought by appellant (assault) falls within that
verbiage, we turn to the applicable statute and discover that assault consists of 1)
intentionally, knowingly, or recklessly causing another bodily injury, 2) intentionally or
knowingly threatening another with imminent bodily injury, or 3) intentionally or knowingly
causing physical contact with another under various circumstances (none of which are
applicable here). Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2008). Comparing the
elements of the two crimes reveals that the burglary accusation does not require proof of
bodily injury, threats, or touching while assault does. For this reason, simple assault is not
a lesser-included offense of burglary consisting of the entry into a habitation with the intent
to commit aggravated assault. Rojas v. State, No. 07-05-0359-CR, 2006 Tex. App. Lexis
3222 at *4 (Tex. App.–Amarillo April 20, 2006, pet. ref’d) (not designated for publication)
(involving burglary described as entry with the intent to commit assault); see also Jacob v.
State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (stating that aggravated assault itself
is not a lesser offense of burglary of a habitation with intent to commit aggravated assault). 
        As for criminal trespass, it is defined as entering or remaining on or in property or
a building of another without the other’s effective consent “and” having notice that the entry
was forbidden or receiving notice to depart but failing to do so. Tex. Penal Code Ann. §
30.05(a)(1) & (2) (Vernon Supp. 2008). Comparing this offense to that alleged in the
indictment reveals that the latter omits the element of notice, i.e. either notice that entry
was forbidden or notice to depart. So, the facts necessary to convict one of criminal
trespass are not within the scope of the offense alleged in the indictment. Thus, it too is
not a lesser-included offense. See Salazar v. State, 259 S.W.3d 232, 233-34 (Tex. App.–
Amarillo 2008, pet. granted) (holding that criminal trespass was not a lesser-included
offense of burglary given the element of notice in the former which was absent from the
latter). 
          Having overruled all of appellant’s issues, we affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish.